## ENNALS HUBBARD *vs.* JOSEPH H. MOBRAY.

PRACTICE IN EQUITY.—By Art. 16, sec. 103 of the Code, regulating the effect of answers in chancery, motions to dissolve injunctions are expressly excepted from its operation, and parties are remitted to the ancient and well established rule in equity practice and pleading, that on a motion to dissolve an injunction, the answer if responsive to the bill is evidence for the defendant, and if the material allegations are denied by the answer the injunction must be dissolved.

JURISDICTION.—Where in the case of a bill for injunction, the relation of landlord and tenant existed between the complainant and defendant, and the defendant failed or refused to re-deliver possession; or being a trespasser so refused; or being in possession under a contract of renting, owed and refused to pay the rent due. HELD; that the remedy was at law and not in equity by injunction.

APPEAL from the Equity side of the Circuit Court for Caroline County:

The bill in this case was filed by the appellee alleging that in the year 1859, the appellant applied for the benefit of the Insolvent Laws; that a trustee was appointed, and in the discharge of his trust sold all the property of the appellant, at the sale of which the appellee purchased a farm and paid the purchase money therefor, excepting a small balance; that the appellant resided on the farm at the time of the sale, and continued to reside thereon at the time of the filing of the bill; that the appellant promised to pay to him the sum of two hundred dollars for the use of the farm for 1860, but refused to reduce his contract to writing, and that the appellant was holding the farm against his wish and refused possession to him; that the appellant had done and committed a great damage and waste to the buildings, fencing, timber, and to the land generally; that the appellant was gathering and sending to market the crops of the farm, leaving him without remedy for procuring the money due him for the use of his land for 1860; and that the appellant was insolvent.

Upon these allegations the Court ordered an injunction restraining the appellant from committing injury or waste upon the premises, and from removing the crops growing on the farm for 1861.

The appellant answered under oath, denying that he resided on or was in actual possession of the farm, but that he had removed therefrom in May 1861; or that he ever agreed to pay the appellee the sum of two hundred dollars; or that he was ever legally notified to quit the premises; or that he had ever committed damages and waste as alleged; or that he ever agreed to become the tenant of the appellee.

The appellant filed a motion to dissolve the injunction, which motion upon hearing being dismissed, he appealed to this Court.

The cause was argued before Bowie, C. J., and Goldsborough and Cochran, J.

*J. W. Bryant*, for the appellant:

1st. The injunction improperly issued, the allegations of the bill not making a case for an injunction. *White vs. Flanigan*, 1 *Md. Rep.*, 539. *Green vs. Keene*, 4 *Md. Rep.*, 99. *Hubbard vs. Hubbard*, 14 *Md. Rep.*, 359. *Uhl vs. Dillon*, 10 *Md. Rep.*, 500.

2nd. If there was any merit in the bill it was in consideration of the single allegation of waste to the real estate, and being expressly denied by the answer, the injunction should have been dissolved.

3rd. The case having been submitted on bill and answer, and the equity of the bill having been completely sworn away, the injunction should have been dissolved. *Washington University vs. Green*, 1 *Md. Chan. Dec.*, 103. *Wood vs. Patterson*, 4 *Md. Dec.*, 335. *Harris vs. Sangston*, 4 *Md. Chan. Dec.*, 394. *Bouldin vs. Mayor & C. C. of Balt.*, 15 *Md. Rep.*, 18.

No counsel appeared for the appellee:

Goldsborough, J., delivered the opinion of this Court:

The appeal in this case was taken from an order of the

Hubbard *vs.* Mobray.

Circuit Court for Caroline County passed on the 17th day of March 1862, dismissing a motion to dissolve an injunction before granted by the Court.

Whatever apparent merit there may have been in the allegations of the bill to induce the Circuit Court to grant the injunction, the answer being filed which flatly denied those allegations, it is clear upon the motion to dissolve argued upon bill and answer, that the action of the Court thereon was erroneous and must be reversed.

The 103d section of the 16th Article of the Code in regulating the effect of answers in chancery, expressly excepts "motions to dissolve an injunction." By this exception, parties are remitted to the ancient and well established rule in equity practice and pleading, that on a motion to dissolve, the answer, if responsive to the bill, is evidence for the defendant, and if the material allegations are denied by the answer, the injunction must be dissolved. We need cite no authorities for this familiar rule. Therefore, looking to the bill and answer in this case, we are of opinion that the injunction should have been dissolved. In a further review of the case, and examining the bill alone, we find no substantial ground for the interference of the Court by injunction.

By the appellees own showing, he created the relation of landlord and tenant; if otherwise, and the appellant failed or refused to deliver possession of the farm, or was a trespasser, or being in possession under a contract of renting, or owed the appellee for rent, in all these events the appellee had his remedy at law. In his allegation about the injuries to the property, he confines it to injuries done before the filing of the bill, and does not allege any apprehension of future injury. Therefore the bill having none of those elements which constitute in themselves a ground for an injunction, this Court will sign a decree reversing the order of the Circuit Court, dissolving the injunction and dismissing the bill with costs to appellant.

*Order reversed and bill dismissed.*

(Decided Oct. 9th, 1863.)