## BEATRICE LEVIN, Administratrix, *v.* BENJAMIN GOODMAN.

*Equity Jurisdiction—Mullifariousness of Bill—Rescission of Sale—Remedy at Law.*

A sale to plaintiff of a leasehold property by L, as administrator of his wife, and of a business conducted by him on the property in his own behalf, constituted a sale of two distinct properties, and there was consequently no joint obligation, and no joint remedy against the executor of L, and the administratrix *d. b. n.* of his wife, in connection with the readjustment required on the discovery of a defect in the title to the leasehold, and a bill against both the executor and the administratrix *d. b. n.* for this purpose was multifarious.          pp. 188, 189

Where a contract for the sale of land provides for the return of a partial payment made by the purchaser, in case of a defect in the title, the purchaser, on discovery of such a defect, need not resort to equity to secure a rescission of the contract, as preliminary to his recovery of the partial payment.          p. 188

Where a contract by an administrator for the sale of leasehold property belonging to his intestate, and of a business conducted thereon belonging to him personally, required the purchaser to keep an account of the business and to pay over to the seller the unexpended balance of money taken in, a bill by the purchaser seeking both an audit of the accounts of the business, and a return of a partial payment made on the sale of the leasehold, by reason of a defect of title therein, was multifarious.

                                                     pp. 188, 189

Where one, since deceased, had contracted, as his wife's administrator, to sell a leasehold interest belonging to her, and also to sell to the same purchaser his own business conducted on the leasehold, and the title to the leasehold proved defective, the facts that the sale of the business was dependent on the completion of the sale of the leasehold, that the executor of the husband and the administratrix *d. b. n.* of the wife both disclaimed liabil-

ity to the purchaser for the return of a partial payment made
by him, and that the wife's administratrix had demanded rent of
the purchaser for his temporary occupation of the leasehold, did
not present any ground of equitable jurisdiction at the suit of
the purchaser.                                        p. 189

A claim by a purchaser of land, on a provision in the contract
of sale for a return to him of his partial payment in case of a
discovery of a defect in the title, is a subject for relief at law.
                                                  . p. 190

Where, on appeal by a defendant from a court of equity, it
appeared that the case was one of common law jurisdiction, *held*
that it should be remanded, to the end that it be transferred,
under Code, art. 26, sec. 44, to a common law court, unless the
lower court should in its discretion find it proper to permit
amended allegations to be made to justify retaining the bill.
                                                  p. 190

*Decided January 21st, 1927.*

Appeal from the Circuit Court of Baltimore City (FRANK,
J.).

Bill by Benjamin Goodman against Beatrice Levin, admin-
istratrix *de bonis non* of Dena Levin, deceased, and the Balti-
more Trust Company, administrator of Wolf Levin, deceased.
From a decree overruling a demurrer by said administratrix
to the bill, she appeals.   Reversed.

The cause was argued before BOND, C. J., PATTISON,
URNER, ADKINS, OFFUTT, and PARKE, JJ.

*Louis Hollander* and *David Ash,* for the appellant.

*Randolph Barton, Jr.,* with whom was *Robert J. Caplan*
on the brief, for the appellee.

BOND, C. J., delivered the opinion of the Court.

This is an appeal by one of two defendants from the over-
ruling of her demurrer to a bill in equity because of multi-
fariousness in the bill, and because the relief prayed is such
as should have been sought at law.

The allegations of the bill are substantially these: Wolf

Levin was administrator of the estate of his deceased wife, Dena Levin, and as such held a leasehold interest belonging to the estate in a house and lot at 1427 West Baltimore Street in Baltimore City. Levin, himself, was carrying on a millinery business in that property and the adjoining property, 1425 West Baltimore Street. Considering it advantageous for the estate and for himself that the property and the business should be sold together, he entered into a contract with Goodman, the complainant in the bill, by which he agreed as administrator to sell to Goodman the house and lot of his wife's estate for $7500, and on his own behalf to sell the millinery business for $5000. Goodman was required by the terms of the contract to pay at once, and he did pay, to Levin as administrator, $2000 on account of the purchase price of the real property, and Goodman was given possession immediately upon signing the contract, to occupy it without rent pending the completion of the sale. The conduct of the business was taken over by Goodman, and he was required by the contract to receive all money taken in the usual course of business, keep an account of it, apply it first to the purchase of goods, and to hold the balance. It was provided expressly that, if by reason of any defect discovered in the title the sale should not be completed, the $2,000 paid by Goodman on account of the purchase price of the real property should be returned to him, and he should turn over to Levin the unexpended balance of money taken in the millinery business. There was a defect in the title. It was discovered that a strip two feet in width on one side of the lot sold was owned by Levin's deceased wife in fee simple, and was, therefore, now owned by her heirs and not held by the administrator who had contracted to sell it; and the parties were not able to obtain title to the strip from the heirs. While negotiations for the cure of the defect were pending, Levin died, and the Baltimore Trust Company was appointed his executor, and for completion of the administration on the estate of his wife, Beatrice Levin was appointed administratrix *d. b. n.* Further negotiations for curing the defect having

proved fruitless, Goodman, the purchaser, brought his bill against the representatives of both interests and prayed that the sale might be rescinded by judicial decree, that an accounting be had under the supervision and control of the court, that the rights and obligations of the parties be determined, and that especially Beatrice Levin, administratrix, be required by decree to return to the complainant the sum of $2000 paid by him.

Despite the fact that the agreement of sale was made by one man acting in two capacities, and made in the one instrument, it seems to us the transaction was a sale of two legally distinct properties, analogous to the sale of adjoining lands by distinct owners, and that it could not properly be considered a joint sale. *Shipman v. Straitsville Mining Co.,* 158 U. S. 356, 360; *Hall v. Leigh,* 8 Cranch, 50; *Manistee Nav. Co. v. Salt and Lumber Co.,* 174 Mich. 1. The fact that the sale of the business was dependent upon the completion of the sale of the real property seems to render the sales none the less several. There was no joint obligation undertaken by both sellers, and it is doubtful whether Levin as administrator, and seller of the property of the estate, had authority to incur any joint obligation. And, however this may be, there is, in our opinion, no joint obligation and no joint remedy to be pursued in the readjustment now required upon failure of the sale. The bill prays for a rescission of the contract, or of both sales, by judicial decree, but this appears to be asked only as preliminary or preparatory to the reliefs which should follow rescission, for there is no need for resorting to a court of equity to bring about rescission of this contract. The case made out is not one for relief from a contract which binds the complainant to the completion of the undertaking unless set aside, as for fraud or mistake, the usual grounds for interference by courts of equity. *Linthicum v. Thomas,* 59 Md. 574; *Wenstrom Motor Co. v. Purnell,* 75 Md. 113. The appellee's rights, whatever they may be, are all secure with the contract as it stands.

And coming to the other remedies, which we take to be

the main ones, we find them distinct. The remedy of an accounting could only be had from Levin personally, or his executor; no accounting is provided for or possible, on the showing of this bill, except it be an accounting of the conduct of Levin's millinery business by Goodman while awaiting completion of the sale. The contract required Goodman to keep an account of his business, and to pay over the unexpended balance of money taken in, and presumably he now seeks an audit to verify the correctness of the balance which his accounts show. But with all this the estate of Dena Levin would have no connection. Her estate is concerned only with the return of the $2,000 paid on account of the purchase money of the real property, and with that the estate of her husband appears, so far, to have nothing to do. It is suggested in argument that he may have failed to turn over the $2,000 to the account of the estate, but if that should be true it is yet to be alleged in the proceedings. The allegation made, and which we have to consider, is only that the money was paid to Levin as administrator. In the opinion of this Court, the bill which combines the applications for these distinct remedies is multifarious. *Miller, Equity Procedure,* 95.

The general prayer that the rights, obligations and duties of the parties may be determined by the court, we have treated as one for preliminary or preparatory rulings only. The appellant urges that uncertainties in the rights, obligations and duties of the parties, which should be settled in a court of equity, arise from the facts that the sale of the business was dependent upon completion of the sale of the real property, that the representatives of the respective vendors both disclaim liability for the return of the $2,000 of purchase money, and that the counsel for the administratrix of the wife's estate have made a demand for payment of rent by Goodman for his temporary occupation of the real property. But it seems to us that, whatever may be the difficulties which arise from these facts, they do not present any ground of equitable jurisdiction.

We find, then, that the demurrer should have been sustained because of multifariousness in the bill. And the single principal relief prayed from Beatrice Levin, administratrix, the return of the $2,000 of purchase money, we find to be one which should be pursued at law. An adequate remedy is regularly available at law for such a claim (*Gunby v. Sluter,* 44 Md. 237), and no peculiar ground for resorting to equity with it is shown in this case. In our opinion, therefore, the bill was demurrable upon this ground also.

On the present allegations, the case against Beatrice Levin, administratrix, seems to be one for transfer to a common law court for trial, under the provisions of article 26, section 44, of the Code of Public General Laws, and it will be remanded to the end that this may be done, unless the lower court should in its discretion find it proper to permit amended allegations to be made to justify retaining the bill as against this defendant.

We confine ourselves entirely to the allegations made in the present bill, of course, and express no views on any facts at variance with these allegations.

> *Decree reversed, and case remanded for further proceedings in accordance with this opinion, with costs to the appellant.*