COHEN ET AL. *v.* FREY & SON, INC., ET AL.

[No. 168, October Term, 1948.]

*Decided June 9, 1949.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, HENDERSON and MARKELL, JJ.

*Harry Adelberg*, with whom were *Lawrence B. Fenneman* and *Fenneman, Johnson, Cronin & Sachs* on the brief, for appellants.

The Court declined to hear argument for the appellees. *Jacob Blum, Sidney Blum* and *William L. Siskind,* on the brief for the appellees.

COLLINS, J., delivered the opinion of the Court.

This is an appeal by Isaac Cohen, individually and trading as Capital Wholesale Grocery Company et al., appellant and defendant below, from a decree of the Circuit Court of Baltimore City overruling his demurrer to the amended petition of the appellees, petitioners below, Frey and Son, Inc., et al.

This amended petition states the following matters: Each of the petitioners are engaged in the wholesale grocery business in Baltimore in competition with each other and with the appellant, and the appellant is engaged in business in Baltimore where he is selling at wholesale a number of listed items at prices specified. The appellees are reliably informed, believe and aver that pursuant to the Unfair Sales Act, Article 83, Sections 111 to 115, inclusive, of the Annotated Code of Maryland, 1943 Supplement, the cost of said items to the appellant, as defined in Section 112 of Article 83, was specific amounts set out in the amended petition. The appellees are advised, believe and allege that the aforesaid prices at which the appellant "has sold, is continuing to sell, has advertised and is continuing to advertise, has offered for sale and is continuing to offer for sale the said items at or less than cost of said items to him, as defined in Section 112 of Article 83 of the Annotated Code of Maryland, 1943 Supplement, and that said advertisements, such offers to sell and such sales by the Defendant were made, and are being made with the intent to injure your Petitioners who are competitors of the Defendant, and that such advertisement, such offers to sell and such sales were made, and are being made with the intent to destroy competition with and between your Petitioners and the Defendant."

The "Petitioners are advised, believe and therefore allege that such sales and offers to sell the said items,

made by the Defendant from time to time at cost or less than cost, as defined in the aforesaid Unfair Sales Act, were not sold: (a) in bona fide clearance sales, advertised, marked, and sold as such. (b) to forestall loss. (c) as imperfect or damaged, or as being discontinued, and were not advertised, marked and sold as such. (d) upon final liquidation of any business. (e) for charitable purposes or to relief agencies. (f) on contract to departments of the government or governmental institutions. (g) by any officer acting under the order or direction of any court. (h) in good faith to meet competition. [Article 83, Section 114.]

7. That your Petitioners are advised, believe and therefore allege that the Defendant, by selling and offering for sale the said items at the prices herein named, with the intent to injure your Petitioners who are competitors of the Defendant, and to destroy the competition of your Petitioners, that the Defendant has violated and is violating the Provisions of the Unfair Sales Act hereinbefore referred to; that such sales and offers to sell at the price aforesaid, with the intent to injure competition, and to destroy competition as aforesaid, are unfair methods of competition, contrary to public policy and in contravention of the aforesaid Act.

8. That your Petitioners allege that such advertisement, such sales and offers to sell at the prices aforesaid, by the Defendant, are unfair methods of competition and have the effect and result of unfairly diverting trade from your Petitioners and otherwise injuring your Petitioners, who are competitors of the Defendant, and that the same has the result and effect of substantially lessening the competition of your Petitioners with the Defendant; that your Petitioners further allege that each of them has suffered a loss, has been injured and are suffering a loss and are being injured, and are threatened with further loss and injury by reason of the said act by the Defendant, as aforesaid, and that your Petitioners further allege that it is impossible to ascertain the amount the pecuniary loss that they each have already

suffered as a result of the Defendant's violation of the said Act and will continue to suffer if the said practices are permitted to continue, and that the same, and the continuance of the same have resulted, and tend to result in irreparable loss of sales to your Petitioners, and the impairment of the goodwill of your Petitioners business; that your Petitioners further allege that pecuniary compensation would not afford adequate relief to your Petitioners; that it is necessary that the Defendant be restrained from continuing its unfair trade practices in derogation and violation of the said Act; to prevent multiplicity of judicial proceedings; that the wrongs complained of as above set forth, imminently imperil and immediately threaten destruction of your Petitioners businesses, and that your Petitioners have no adequate remedy at law."

The appellees ask that a preliminary and perpetual injunction be granted restraining and enjoining the appellant, his agents, employees, and personal representatives during the suit from advertising and selling and from offering for sale at wholesale, any of the items described therein at the prices described, or at any other price, which shall be less than the cost thereof, and any grocery products at prices which shall be at cost or less than cost thereof to the defendant, as defined by the Unfair Sales Act, Article 83, Sections 111 to 115 inclusive, of the Annotated Code of Maryland, 1943 Supplement, "with intent to injure your Petitioners, competitors of said Defendant, or with intent to destroy competition with and between your Petitioners and the said Defendant." The amended petition also asks for other and further relief.

To that amended petition a demurrer was filed by the appellant and from a decree overruling the demurrer the appellant appeals.

The appellant contends that the petition should show when, where, how, and to whom, specific sales below cost in violation of the Act were made, and, if so, which particular person were the said sales intended to injure

and, if a designated individual was intended to be so injured, how, where and in what manner was he so injured.

Appellant relies strongly on the case of *State ex rel. Malone v. Fleming,* 164 Kan. 723, 192 P. 2d 207. In that case, involving the Unfair Practices Act of the State of Kansas, the Court held the allegations not sufficient because the bill did not allege whether defendant sold or offered to sell below cost as a wholesaler or a retailer; in what manner it advertised to sell below cost; the county in which the alleged unlawful acts took place; and because the bill omitted essential elements of intent to divert trade unfairly from a competitor and to prevent competition and injure public welfare. That case is of little assistance here.

Article 83, Section 113, 1943 Code and 1947 Supplement of the Code, provides:

"No retailer shall, with intent to injure a competitor or competitors, or destroy any competition, advertise, offer to sell, or sell at retail any item of merchandise at less than cost to the retailer as defined in this Act, and no wholesaler shall, with such intent, advertise, offer to sell, or sell at wholesale any item of merchandise at less than cost to the wholesaler, as defined in this Act. Evidence of any advertisement, offer to sell or sale of any item of merchandise by any retailer or wholesaler at less than cost to him, shall be *prima facie* evidence of intent to injure a competitor or competitors, or destroy competition. Upon complaint of any person claiming to be injured, the Circuit Court of any county and the Circuit Courts of Baltimore City shall have jurisdiction to enjoin any such retailer or wholesaler from the commission of any act prohibited by the provisions of this Act." See *Blum v. Engleman,* 190 Md. 109, 57 A. 2d 421.

Section 113, *supra,* specifically provides for an injunction to enjoin the violation of the Act. A bill for an injunction, of course, should ordinarily contain the allegations mentioned in the Act. *Miller's Equity Pro-*

*cedure,* Section 473, page 553; *Gayle v. Fattle,* 14 Md. 69, 85. The bill before us substantially alleges the statutory requirements. Allegations are made that the petitioners are wholesalers in competition with each other and the appellant; the sales, offers to sell and advertisements by the appellant of the articles by name at less than cost; the sale price of each item and the cost to the appellant; and that these sales, offers to sell, and advertisements, are not included in the exemptions provided by Section 114, *supra.* These are particular acts forbidden by the statute. As to appellant's contention that the time, place and persons to whom the sales were made should be alleged in the bill, these may be required in proof of the case but hardly in the allegations of the bill. It was said by this Court in the case of *Goldsborough v. County Trust Company of Maryland,* 180 Md. 59, 62, 22 A. 2d 920, 921, which involved an injunction provided for by statute and where on demurrer objections were made because certain allegations required by the statute were not included in the amended bill: "Before an injunction can issue, of course, the statutory requirements must be substantially complied with; but that may be done at a later stage of the case."

It has been stated many times by this Court that the mere allegation in a bill of complaint that irreparable damage will ensue is not sufficient unless facts are stated which will satisfy the Court that the apprehension is well founded. *Lamm v. Burrell,* 69 Md. 272, 14 A. 682; *West Arlington Land Co. v. Flannery,* 115 Md. 274, 80 A. 965; *Warren Mfg. Co. v. Baltimore,* 119 Md. 221, 86 A. 502; *Consolidated Gas, Electric Light & Power Co. v. Northern Cent. Railway Co.,* 107 Md. 671, 69 A. 518; *Fowler v. Pendleton,* 121 Md. 297, 88 A. 124; *Pope v. Clark,* 122 Md. 1, 89 A. 387; *Baltimore City v. Sackett,* 135 Md. 56, 107 A. 557, 5 A. L. R. 915; *Salisbury v. Camden Sewer Co.,* 135 Md. 563, 573, 109 A. 333; *American-Stewart Distillery v. Stewart Distilling Co.,* 168 Md. 212, 220, 177 A. 473; *Smith v. Shiebeck,* 180 Md. 412, 421, 24 A. 2d 795.

In the instant case, we have such facts stated, namely: Competition between the parties; advertisement and sale at less than cost price, not included in the exemptions provided by Section 114, *supra;* the destruction of competition; the diversion of trade from the petitioners; the suffering of a loss and the possibility of further loss and destruction of business by reason of defendant's violation of the statute; together with the further allegation that pecuniary compensation will not afford petitioners adequate relief. Naturally sales by a competitor of goods for less than cost would divert trade from and injure competitors, thereby causing irreparable damage to competitors, the appellees. Furthermore, Section 113, *supra*, specifically provides that: "Evidence of any advertisement, offer to sell or sale of any item of merchandise by any retailer or wholesaler at less than cost to him, shall be *prima facie* evidence of intent to injure a competitor or competitors, or destroy competition."

We are of opinion that the demurrer was properly overruled in this case, and that the petition should be answered.

*Decree affirmed, with costs.*