REDWOOD HOTEL, INC., ET AL. *v.* KORBIEN ET AL.

[No. 138, October Term, 1949.]

404

*Decided May 17, 1950.*

The cause was argued before MARBURY, C. J., GRASON, HENDERSON and MARKELL, JJ.

*H. Mortimer Kremer* for the appellant, the Redwood Hotel, Inc.

*Herbert Myerberg* for the appellant, C. M. Plitt.

*Harry D. Kaufman* and *H. Harry Rosenberg* for the appellees.

GRASON, J., delivered the opinion of the Court.

The chancellor directed that an injunction issue to eject a tenant in possession of a hotel property and to restore the possession thereof to the landlords. The decree further declared the furniture and other equipment in the leased premises to be the property of the landlords, and restrained one who claimed to be the mortgagee of the furniture and the equipment from interfering with the landlords' possession of the same. The respondents appealed.

In 1946 Katharine Korbien and Irene W. Korbien (appellees) owned in fee simple property in Baltimore City known as the Redwood Hotel. They leased the property to Michael J. Cooney for a term of seven years. With appellees' consent, the lease was assigned to the Redwood Hotel, Incorporated. Earl B. Wolverton was president of the Corporation, and he and his wife were directors, and under the assignment from Cooney to the Corporation, and as a part thereof, they guaranteed the performance of the covenants of the lease so assigned. At that time Cooney owned the furniture and equipment necessary to operate the hotel, and the Corporation and Wolverton and his wife purchased the same from Cooney. The money with which the same was purchased was secured by an Indenture, dated May 22, 1946, and recorded June 5, 1946, entered into by Audrey Plitt, individually and as trustee, and the Hotel Corporation and Wolverton and his wife. In that Indenture the furniture and equipment in the hotel is specifically scheduled, and referred to as located in Baltimore City at 4 E. Redwood Street. The hotel premises are known as 4, 6 and 8 East Redwood Street.

The bill in this case was filed on June 9, 1948, by appellees against the Redwood Hotel, Incorporated, a corporation, Clarence M. Plitt and his wife, Audrey Plitt, individually and as trustee, Earl B. Wolverton and Clara

A. Wolverton.    Clarence M. Plitt was also a director of the Redwood Hotel, Incorporated.

In October, 1946, by agreement, the term of the lease assigned as aforesaid was changed so that the same would end on March 31, 1953, and that the rent should be payable in advance on the first day of each month.

After alleging what we have narrated, the bill charged a breach of covenants in the lease because the premises have not been kept in good order, and the City of Baltimore's water bills have not been paid as provided for in the lease; that an ejectment proceeding was instituted by appellees against the Hotel Corporation to recover possession of the leased premises, and subsequently dismissed without prejudice; that a distraint proceeding was instituted in May, 1948, for nonpayment of rent, that the chattels owned by the Hotel Corporation were sold on May 29, 1948, by the Constable, upon the leased premises, after due advertisement of sale; that at the sale the said furniture was knocked down to appellees for $1,400.00, they being the highest bidders therefor, and that they paid cash therefor to the Constable; that the chattels sold as aforesaid are still upon said premises, and are still being used in the hotel operated there; that Plitt and his wife claim a lien on said furniture; that plaintiffs are advised that the defendant Clarence M. Plitt is a director of, and actually controls the Hotel Corporation; that on the date of the distraint sale, and prior thereto, demand was made on the president of the Hotel Corporation for surrender of the possession of said leased premises; that at that time the rent was three months in arrears and the covenant to repair was grossly violated; the City's water bills were also in arrears, and the Hotel Corporation had no funds for the June, 1948, rent; that thereupon the president of the Hotel Corporation entered into a stipulation in writing for the surrender of said premises a week later, to wit, "not later than June 5, 1948"; that this agreement was repudiated; that on or about May 27, 1948, plaintiffs received from the attorney for the two defendants Plitt

a letter and a certified copy of the alleged mortgage referred to in said letter (which were filed with the bill as Exhibits Nos. 5 and 6). This letter, dated May 26, 1948, advised them that Audrey Plitt, as trustee, held a purchase-money mortgage upon this equipment and personal property for the protection of $15,000 of bonds issued by the Redwood Hotel, Incorporated, on May 24, 1946, and the money derived from the sale of these bonds constituted the purchase price for said equipment and personal property; that appellees charge that their claim to the property under their purchase at the distraint sale is superior to the claim of Mrs. Plitt as trustee, under Exhibit No. 6; it is alleged that the claim of Audrey Plitt, trustee, under Exhibit No. 6, of $8,500.00 is invalid; that the defendant Hotel Corporation is hopelessly insolvent; it has broken several covenants in its lease, is collecting rent from its guests; it is permitting the demised premises to deteriorate greatly; that the Hotel Corporation is therefore committing waste, and causing irreparable loss to plaintiffs, for which they have no adequate remedy at law against the said Hotel Corporation, in view of the facts here alleged; that the defendants Plitt are seeking to complicate a situation already bad enough, by interjecting their usurious claims against the Hotel Corporation into plaintiffs' relations with said Corporation, and that they are inciting the Hotel Corporation to refuse to surrender possession of the demised premises to them for purposes of their own, and thereby causing them great loss and damage, for which they ask money decree herein. These are the material facts alleged in the bill.

It prays: (1) For a preliminary injunction commanding the Hotel Corporation to immediately surrender possession of the leased premises, as well as the hotel chattels, and property referred to; and further enjoin the defendants Clarence M. Plitt and Audrey Plitt, trustee and individually, from interfering in any way with the said surrender of possession, upon such amount of bond as this court may determine to be proper. (2) That

the injunction may be made final and permanent. (3) That the cloud on the title of the complainants to said leasehold may be decreed to be removed. (4) That the rights of the parties hereto under their respective claims to possession of the real property described herein may be determined and declared. (5) That the title and rights of the parties to the chattels and hotel property, or the said proceeds of sale thereof, may be determined. (6) That your Orators may have a money decree or decrees against the individuals herein for their respective breaches of covenant, or for their illegal actions causing or inspiring the same, assessing the damages appropriate under the facts to be proved herein. (7) That said lease may be terminated and cancelled. (8) And for other and further relief.

The chancellor, W. Conwell Smith, upon the bill, exhibits and affidavit, ordered that an injunction issue, that the Hotel Corporation forthwith surrender to the appellees the leased premises at 4, 6 and 8 East Redwood Street, referred to in this proceeding; that "Clarence W. Plitt and Audrey Plitt, Trustee and individually, forthwith cease and refrain from interfering in any way with the possession of said hotel premises and said hotel furniture and chattels; and further that they cease and refrain from in any way inciting or inspiring" the Hotel Corporation, its officers or agents, "from refusing to surrender said leased premises and said hotel furniture and chattels."

Upon filing the bond of $3,000.00, as provided in the order, the injunction issued. The Hotel Corporation and the two Wolvertons demurred to the bill, which was overruled, and they afterwards answered. The defendants Plitt filed a joint demurrer and answer. Their demurrer being overruled, the case came on for trial before Chancellor Warnken.

At the conclusion of the testimony and argument, the decree referred to at the beginning of this opinion was passed. The decree is lengthy and for the purpose of

this case it will not be necessary to quote it in its entirety.

This is not a bill for the purpose of quieting title to real estate. The appellees not only do not allege that they were in possession of the hotel property at the time the bill was filed, but, in fact, their bill alleges that the Hotel Corporation was in possession of the property at that time. Such relief can be granted in a proper case, where the plaintiff is in possession of the property upon which the cloud on its title is cast. *Schultz v. Kaplan*, 189 Md. 402, 56 A. 2d 17.

Neither can we regard this bill as sufficient to enjoin the Hotel Corporation against commission of waste. The only specific allegation in the bill as to waste is that the Hotel Corporation is insolvent, has broken its covenants in the lease, is collecting rent from guests, is permitting the demised premises to deteriorate greatly and that it is therefore committing waste. In order to justify the granting of an injunction to prevent the commission of waste, the bill must allege specific facts to show that waste is being committed, and that these acts of waste will be continued or are continuing. Such acts should be clearly stated and constitute a strong case that the party complaining would suffer irreparable damage unless an injunction was issued. The allegations of waste in this bill are general and not specific, and are legally insufficient to show that waste was committed by the Hotel Corporation, its agents and servants. *Blain v. Everitt*, 36 Md. 73, 83; *Stinchcomb v. Realty Mortgage Co.*, 171 Md. 317, 188 A. 790; *Amerlung v. Seekamp*, 9 Gill. & J. 468; *Whalen v. Dalashmutt*, 59 Md. 250; *Cohen v. Frey & Sons, Inc.*, 193 Md. 285, 66 A. 2d 784; *Hubbard v. Mowbray*, 20 Md. 165; *Smith v. Shiebeck*, 180 Md. 412, 24 A. 2d 795.

The allegation that the claim of the Plitts against the Hotel Corporation is usurious is no concern of the appellees, and the charge that the Plitts were inciting the Hotel Corporation to retain possession of the property leased, and not to give possession thereof to ap-

pellees, is too general and vapid, even if under the facts of the bill it was material, a question we need not decide.

The real and vital purpose sought to be accomplished by this bill is the ousting of the tenant by the landlords by means of an injunction, and all other relief prayed is incidental thereto. Considering all of the facts alleged in the bill, we are of opinion that they are legally insufficient to confer jurisdiction in equity. An injunction will not lie to oust a tenant because he is a bad tenant and worries his landlord; that his rent is in arrears; that he is surly and disagreeable; that he will not give up possession of the leased premises to his landlord upon demand to do so; and that he is insolvent. None of these acts, nor all combined, can give an equity court jurisdiction on a bill filed by a landlord to oust such a tenant from the leased premises.

"It is plain the whole scope and purpose of this bill, the ultimate object it seeks to attain, is to oust the defendant of possession of the land and dwelling house. This has been done by means of a receiver and the writ of injunction in the form asked for and granted. These have been made to perform the office of a writ of *habere facias possessionem*. Thus the main object of the bill has been attained by the order appealed from, passed on an ex parte application, without allowing the defendant an opportunity to be heard. No authority or precedent for such a proceeding has been cited, and it would be strange if any could be found. The only effectual remedy the defendant had was to suspend the operation of the order by an immediate appeal, which he has very properly taken." *Blain v. Everitt, supra.* See *Hubbard v. Mowbray, supra.* See *Schultz v. Kaplan,* 189 Md. 402, 56 A. 2d 17.

The agreement signed by Wolverton as president of the Hotel Corporation, to give possession of the hotel premises to the appellees, is of no avail in this case. It was repudiated and the Hotel Corporation was in

412

possession of the hotel premises at the time the bill was filed.

The taking of testimony was of no avail, because the court was without jurisdiction to hear the case.

"If a bill fails to state on its face, a case within the jurisdiction of a court of equity, that error is fatal at every stage of the case." *Diener v. Wheatley*, 191 Md. 690, 698, 62 A. 2d 783, 786.

We do not think this is a case where the chancellor could assume jurisdiction for the purpose of preventing a multiplicity of suits. This is the only ground upon which the court might assume jurisdiction. There is no other ground set up in the bill that would justify equitable cognizance.

"This court has never flatly decided that the avoidance of a multiplicity of suits is an independent ground of equitable jurisdiction." *Bachman v. Lemback*, 192 Md. 35, 41, 63 A. 2d 641, 643.

In this case the main and principal ground of relief was the ejection of the tenant by the landlords, and we do not think that jurisdiction in this case could be justified to avoid a multiplicity of suits.

As the decree in this case must be reversed and the bill dismissed, it is unnecessary for us to consider other questions raised in the briefs of solicitors.

*Decree reversed, bill dismissed, with costs.*