## GLORIUS ET UX *v.* WATKINS

[No. 59, October Term, 1953.]

*Decided January 12, 1954.*

The cause was argued before SOBELOFF, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*Robert E. Ennis,* for appellants.

*William B. Bowie,* with whom was *T. Van Clagett, Jr.,* on the brief, for appellee.

SOBELOFF, C. J., delivered the opinion of the Court.

This case had its origin in a bill in equity by the appellee reciting that the appellants were in possession of a piece of real estate belonging to her; that the appellants were the assignees from one Haviland of a written contract to purchase the property by monthly installments; that the appellants had defaulted and a new agreement was made surrendering the old contract and appellants then became tenants instead of

purchasers; that the appellants had refused to pay rent; and that, nevertheless, after a lapse of thirteen years the appellants recorded the original contract under which they are claiming as purchasers. The appellee alleged that the recording of this instrument constituted a cloud on her title, and prayed the equity court to take jurisdiction and declare that she had a good and merchantable title free of any interest of the appellants.

The appellants demurred to the bill of complaint on the ground that it did not state a case entitling the complainant to any relief in equity. They also answered setting up their claims under the old agreement as anticipated in the bill of complaint. After taking testimony the court granted the relief prayed by the appellee, and this appeal followed.

The history of the Maryland legislation providing for the declaratory remedy, by decree or judgment, has been so fully, frequently and recently expounded that the subject need not be reviewed at length here. It is true, as the appellee contends, that since the enactment of Chapter 724 of the Acts of 1945, amending Section 6 of Article 31A, Code 1939, the existence of an adequate remedy at law or in equity does not preclude the availability of a declaratory judgment or decree in an appropriate case. *Commissioners of Cambridge v. Eastern Shore Public Service Co.*, 192 Md. 333, 338, 64 A. 2d 151, 153; and cases therein cited. This, however, does not mean the obliteration of the traditional distinction between law and equity. If the proceeding is of a legal nature, it does not become equitable when cast in the form of a demand for a declaratory decree; just as a remedy purely legal cannot be sought in an equity court merely by invoking Article 31A. Judge Henderson's sententious expression in *Bachman v. Lembach*, 192 Md. 35, 43, 63 A. 2d 641, 644, is apposite here. He said, "We find nothing in the statute that would enlarge the equitable jurisdiction upon a mere prayer for declaratory relief, although such relief is available either at law or in equity, in an appropriate case." See also, *Schultz v.*

*Kaplan,* 189 Md. 402, 56 A. 2d 17.   The issue is not the existence of another remedy, for this is immaterial under Article 31A, Section 6, 1951 Code; the question is whether equity is a proper forum in which to seek the desired declaration.

The relief sought by the appellee is essentially legal, and clearly available in ejectment.   While title to real estate may sometimes be adjudicated in equity on a bill *quia timet,* this is not such a case because the complainant alleged she was not in possession.   *Kelly v. Nice,* 141 Md. 472, 119 A. 333; *Schultz v. Kaplan, supra; Redwood Hotel v. Korbien,* 195 Md. 402, 73 A. 2d 468.   The case of *Smith v. Shiebeck,* 180 Md. 412, 24 A. 2d 795, relied on by appellee, does not support her contention.   It is distinguishable, for there irreparable injury from interference with a right of way, without opportunity for timely redress at law, was claimed.   Here title to a piece of land is the only matter in issue, and no special circumstances for equitable consideration appear.   Where the object of a proceeding is to obtain possession, the remedy is ejectment.   Equity entertains jurisdiction where, although the complainant fears vexatious litigation due to a cloud on his title, he nevertheless cannot sue in ejectment because he is already in possession. The ground of equity jurisdiction in such a case is that being in possession he is denied a remedy at law.

In the instant case complete relief could be given in the legal forum, and if the appellee should prevail in ejectment this would effectually terminate any cloud on her title which she fears from the recent recording by the appellants of the original agreement between the appellee and Haviland, and of the assignment of that agreement to them.   If appellee wished additionally the incidental advantage of a specific declaration, either affirmative or negative in form, as to the status of the recorded documents, that would be available to her under Article 31A, Section 6, 1951 Code in a proceeding for a declaratory judgment at law, but not by resort to equity.

Where one claimed an easement in an alley and an injunction against interference, Chief Judge Bond, for this Court, said in *Finglass v. George Franke Sons Co.*, 172 Md. 135, 190 A. 752: "if the easement exists, no case of destruction of it for any use is presented; and there is no need of an injunction to prevent injury pending settlement of the dispute at law . . . and therefore no appearance of necessity for immediate equitable interference." Cf. *Levin v. Goodman*, 152 Md. 185, 188, 136 A. 532, 533.

While the facts in *Crook v. Brown*, 11 Md. 158, are somewhat different, the principle upon which it was decided and the language of the Court are pertinent here. "The object of the amendment", said the Court, "is to bring the Glenns into court, that they may be made to show their title, if any, to the premises, that that claim may be defeated, and the possession delivered to the complainants. We know of no head of equity jurisprudence under which this can be maintained. It would be, substantially, to give to a chancery suit the effect of an action of ejectment. This is the relief prayed for, and there is no case made by the bill which authorizes any other under the general prayer. There are some circumstances under which courts of equity will amove [remove] a party in possession and put in another, but these cases are of peculiar character. The assertion of the power in the present case, has not been supported by a single authority." (at 172)

Closer on the facts and following the same rule, is *Redwood Hotel v. Korbien, supra,* where the ostensible ground for invoking equitable jurisdiction was to enjoin waste by a tenant; and the complainant sought a declaration by the court that by reason of non-payment of rentals due and other affirmative acts of the tenant the lease had been terminated, and asked the court so to declare in order to remove a cloud on the complainants' title. Citing *Schultz v. Kaplan, supra,* this Court pointed out that as the complainant alleged possession in the defendant it was not a proper bill to quiet title. Nor was

the prevention of waste held an adequate basis for a suit in equity in the absence of circumstances specifically alleged and proved to show irreparable damage. Neither was the avowed purpose of avoiding a multiplicity of suits permitted to serve as an independent ground for equitable jurisdiction. "The real and vital purpose sought to be accomplished", said the court, in dismissing the bill, "is the ousting of the tenant by the landlords by means of an injunction, and all other relief was incidental thereto."

So here, fundamentally the appellee's object is to recover possession of a piece of real estate. Anticipating that the appellants would interpose the contract as a defense, the appellee asserted that it was of no effect because of breaches by the appellants, and because it had been superseded by a new relationship, that of landlord and tenant instead of vendor and vendee. Yet the appellee's main purpose was precisely what an action of ejectment could gratify—recovery of possession, with the incidental aim, as in *Crook v. Brown, supra,* to declare the anticipated defense groundless. *Stinchcomb v. Realty Mortgage Co.,* 171 Md. 317, 322, 188 A. 790, 792; *Finglass v. George Frank Sons Co., supra,* 172 Md. at 136, 190 A. at 752; *Punte v. Taylor,* 189 Md. 102, 111, 53 A. 2d 773, 777; *Diener v. Wheatley,* 191 Md. 690, 698, 62 A. 2d 783, 786.

This case is not like the line of cases where equity's jurisdiction was upheld because there was no substantial disputed question of title, or there were other adequate reasons for equitable intervention, like *Potomac Edison v. Routzahn,* 192 Md. 449, 456-458, 65 A. 2d 580, 583; *Southern Md. Agr. Ass'n v. Meyer,* 196 Md. 31, 75 A. 2d 89; *Dalton v. Real Estate Co.,* 200 Md. 34, 92 A 2d 585; *Willoughby v. Trevisonno,* 202 Md. 442, 449-451, 97 A. 2d 307, 311. No one could determine the state of the title here without hearing the witnesses on both sides as to the alleged payments or non-payments and the parties' dealing with each other over a period of years. This was no merely incidental issue, but the heart of

552

the case.

The appellee contends that the challenge to the jurisdiction of equity was not seasonably made, but we find that the demurrer specifically raised the question.

The appellee's remedy appropriately is not in equity, but at law, to which side of the court the case may be transferred, Art. 75, Sec. 125, 1951 Code, whereupon suitable application may be made for jury trial, if desired.

*Decree reversed and remanded for further proceedings not inconsistent with this opinion; costs to appellants.*