BARNES ET AL. *v.* WEBSTER ET AL.

[No. 15, September Term, 1959.]

*Decided October 19, 1959.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Alexander G. Jones,* with whom were *Edgar A. Jones, Jones & Jones,* and *Henry P. Walters* on the brief, for appellants.

*Walter D. Webster,* with whom was *Lewis C. Merryman* on the brief, for appellees.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from a decree of an equity court, passed on February 25, 1959, sustaining, without leave to amend, a demurrer to a bill of complaint seeking to set aside a tax sale held on August 8, 1935, and a deed to the Websters from the Treasurer and County Commissioners of Somerset County, dated January 19, 1944, as constituting a cloud upon the complainants' title to a tract of land containing about 5 acres.

The appellees contend that the demurrer was properly sustained on the ground that the bill did not allege that the complainants were in possession. While the demurrer does not in terms challenge the jurisdiction of equity, paragraph (18) does state as a ground of demurrer "that the Bill of Complaint in this cause does not allege that the Plaintiffs are in possession of the property to which these proceedings relate." We think this statement is sufficient to raise the issue.

It is well settled that a bill to quiet title will lie where the owner is in possession. The ground of equity jurisdiction is that, being in possession, the owner is denied a remedy at law. See *Thomas v. Hardisty,* 217 Md. 523, 529, *Glorius v. Watkins,* 203 Md. 546, 549, *Karger v. Stead,* 192 Md. 230, 235, *Homewood Realty Corp. v. Safe Dep. & Tr. Co.,* 160 Md. 457, 471, *Kelly v. Nice,* 141 Md. 472, 477, *Rosenthal v. Donnelly,* 126 Md. 147, 154, *Textor v. Shipley,* 77 Md. 473, 475, and *Crook v. Brown,* 11 Md. 158, 173. But the cases make it clear that a complaint must allege possession. See also 4 Pomeroy, *Equity Jurisprudence* (5th Ed.), § 1396, and Miller, *Equity Procedure,* § 715. Equity lacks jurisdiction where there is an adequate remedy at law to oust the possessor. It was held in *Baumgardner v. Fowler,* 82 Md. 631, 640, that where the lands in question were shown to be wild, uncultivated and unoccupied, and it was not shown that the tax purchasers had taken possession, the owner of record could invoke the aid of equity, although he had no other than constructive possession resulting from legal ownership. The basis of equity jurisdiction was that ejectment would not lie under the circumstances.

The scope of relief at common law, under a bill *quia timet*

to quiet title or remove a cloud, has probably been somewhat enlarged by Code (1957), Art. 16, sec. 128. Cf. *Shapiro v. County Comm.*, 219 Md. 298, 301. But, unlike the statutes of some states, our statute has not dispensed entirely with the necessity of showing possession, actual or constructive. See *Thomas v. Hardisty, supra,* and *Cherry v. Siegert,* 215 Md. 81, 85. That section authorizes a suit in equity to quiet title by a person "being in actual peaceable possession of lands * * * or, in the event said lands be vacant and unoccupied, in constructive and peaceable possession thereof, either under color of title, or under claim of right by reason of his or his predecessor's adverse possession for the statutory period * * *." The bill in the instant case does not allege that the lands are vacant and unoccupied, nor does it allege any other facts tending to show that there is not an adequate remedy at law, which is sole ground of equity jurisdiction. In this respect the bill is clearly open to demurrer.

The appellees further contend that the bill is demurrable on the ground that copies of the various deeds, wills and agreements in the complainants' recited chain of title were not filed with the bill. Maryland Rule 170 b does not require that all documents referred to, but not as exhibits, be filed with a bill. (Rule 170 b 2 makes special provision for injunction and receiver cases.) Under Rule 326, written documents upon which a cause of action is founded, in law or in equity, are required to be filed "upon written demand of the opposite party served upon him within the time allowed for pleading". We find nothing in the present rules to indicate that failure to file documents merely referred to in the complaint, and upon which general relief depends, would open a bill to demurrer. It is a matter of proof, rather than of the sufficiency of the allegations. That seems to have been the effect of the holding in *Warczynski v. Barnycz,* 208 Md. 222, 226, although the point was termed "academic" after the trial of the case. We see no reason, under the present rules, why a demurrer should lie to a bill which states a good cause of action, on this ground, despite intimations to the contrary in *Haldas v. Commissioners of Charlestown,* 207 Md. 255, 261, *Kahn v. Janowski,* 191 Md. 279, 284, and *Beachey v. Heiple,*

130 Md. 683, 693. In all those cases it was held that failure to file documents referred to would not preclude general relief, or justify a dismissal of the bill. Where documents are referred to in a bill as exhibits, of course, Rule 170 b requires that copies be filed before process may issue.

The chancellor did not base his action in sustaining the demurrer without leave to amend, with costs to the appellants, which was equivalent to a dismissal of the bill, upon either of the foregoing grounds, but rather upon a holding that the tax sale was valid and in substantial compliance with the requirements of the Code of Public Local Laws (1930), Art. 20, secs. 353 and 362. We do not agree. The bill alleges that a period of nearly eight years elapsed between the date of sale and its report to and ratification by the circuit court. While section 353 does not fix the time within which a sale must be reported, and notice given so as to permit redemption, section 362 fixes the period of redemption as "within the period of twelve months from the date of such sale". The local statute, for present purposes, is indistinguishable from the Anne Arundel County statute construed in *Free v. Greene,* 175 Md. 36, 44. It was there held that a failure to report a tax sale within the period allowed for redemption was a fatal defect which rendered the sale invalid. To the same effect, see *Queen v. Anderson,* 191 Md. 522, 531. These cases also furnish a sufficient answer to the appellees' contention as to laches, at least upon the face of the bill.

Since we think the demurrer was sustainable only on the ground that there was not a sufficient showing of equity jurisdiction, we shall remand the case for further proceedings, which may include the granting of leave to file an amended bill of complaint, the filing of all relevant documents, or, if necessary, the transfer of the suit to the law side of the court under Maryland Rule 515. Cf. *Glorius v. Watkins, supra,* and *Levin v. Goodman,* 152 Md. 185.

> *Case remanded without affirmance or reversal, for further proceedings in accordance with this opinion, costs of this appeal to be paid by the appellees.*