RICHARD A. FISHER ET AL. v.
MAXWELL C. TYLER ET AL.

[No. 491, September Term, 1974.]

*Decided February 20, 1975.*

The cause was argued before THOMPSON, MENCHINE and
MELVIN, JJ.

*David M. Buffington* and *Charles P. Goodell, Jr.*, for appellants.

*William A. Franch*, with whom were *John J. Corbley* and *Goldsborough & Franch* on the brief, for Maryland Automobile Insurance Fund. *David H. Clark*, with whom were *Samuel S. Smalkin* and *Rollins, Smalkin, Weston & Andrew* and *Cullen & Clark* on the brief, for other appellees.

THOMPSON, J., delivered the opinion of the Court.

On January 26, 1973, appellant, Russell A. Taylor, employed as a truck driver for appellant, Fisher Trucking Corporation, was involved in a serious highway accident with numerous individuals near Oxon Hill, Maryland. One of the individuals sued for personal and property injury. He joined appellant, Richard A. Fisher, in the suit as well as Taylor and the corporation.

At the time of the accident, the Fisher Trucking Corporation was insured by the appellee, Northland Insurance Company. The insurance policy had been arranged for Fisher by appellee, Maxwell C. Tyler, as agent for the appellee, The Hardester Corporation. When the accident was reported to Northland, it disclaimed liability and refused to defend the tort actions which arose as a result of the accident. The disclaimer was based on an exclusion in the policy for situations in which one of Fisher's trucks was pulling a trailer belonging to someone else.

As a result of Northland's disclaimer, appellants filed a suit at law for a Declaratory Judgment with an election of a jury trial in the Circuit Court for Worcester County. The case was later removed to the Circuit Court for Dorchester County for trial. Named as defendants were Tyler, Hardester, Northland and the individuals involved in the accident.

Due to the importance to our decision of the substance of the allegations in appellants' declaration, we shall quote relevant parts.

## COUNT I

\* \* \*

"4. Defendant MAXWELL C. TYLER was an agent and employee of defendant THE HARDESTER CORPORATION, an insurance agency authorized to sell and write automobile liability insurance policies for defendant NORTHLAND INSURANCE COMPANY. Defendants MAXWELL C. TYLER and THE HARDESTER CORPORATION held themselves out to the public as experts, specialists and advisors in the insurance field and habitually do business in Worcester County, Maryland.

"5. Prior to November 1971, defendant MAXWELL C. TYLER solicited the insurance business of plaintiffs RICHARD A. FISHER and FISHER TRUCKING CORPORATION. Defendant MAXWELL C. TYLER met with plaintiff RICHARD A. FISHER at the latter's place of business in Pocomoke City, Worcester County, Maryland, and reviewed the nature of his business operation. Plaintiff RICHARD A. FISHER fully apprised defendant MAXWELL C. TYLER of the nature of his business operation, provided his existing insurance policies for review, specifically advised defendant MAXWELL C. TYLER that his tractors frequently pulled trailers owned by his customers and not owned by him or FISHER TRUCKING CORPORATION, and requested that he obtain liability insurance to provide coverage whether his tractor was pulling a trailer owned by him or FISHER TRUCKING CORPORATION or a trailer owned by any customer.

"6. Defendant MAXWELL C. TYLER represented to plaintiff RICHARD A. FISHER that he would obtain an automobile liability insurance policy containing the coverage requested by plaintiff. Pursuant thereto, defendant MAXWELL

C. TYLER, on behalf of his employer, THE HARDESTER CORPORATION, caused a policy of automobile liability insurance to be issued with NORTHLAND INSURANCE COMPANY, effective November 1, 1971 through November 1, 1972. At the expiration of that policy, a renewal policy containing substantially the same coverage and designated as policy number L 07-58-93, a copy of which is attached as Exhibit 1, was issued for the period November 1, 1972 through November 1, 1973.

"7. Contrary to the representations of defendant MAXWELL C. TYLER, he negligently failed to obtain as part of the policy coverage an endorsement commonly known as a 'hired automobile' endorsement to provide coverage for the plaintiffs while a tractor described in the aforesaid policy was pulling a trailer owned by a customer of plaintiffs, failed to advise plaintiffs of his failure to obtain the endorsement, and failed to advise plaintiff RICHARD A. FISHER of an exclusion in the policy purporting to apply when a tractor described in the policy is pulling a nonowned trailer. Plaintiff RICHARD A. FISHER relied on the purported expertise advice and representations of defendants MAXWELL C. TYLER and THE HARDESTER CORPORATION to obtain the coverage requested and required by the nature of plaintiff's business operations.

\* \* \*

"10. As a result of the aforesaid negligence of defendants MAXWELL C. TYLER and THE HARDESTER CORPORATION and resulting disclaimer of coverage to plaintiffs, plaintiffs have incurred and will continue to incur substantial expenses and counsel fees in connection with their defense of the aforesaid claims and suit, and will suffer irreparable damage in the event judgments for damages arising out of the accident are entered

against them. Plaintiffs allege that such losses are the result of negligence on the part of defendants MAXWELL C. TYLER and THE HARDESTER CORPORATION, without any negligence on the part of the plaintiffs contributing thereto."

## COUNT II

"1. Defendant MAXWELL C. TYLER, as agent and employee of defendant THE HARDESTER CORPORATION, in consideration of the promise of plaintiffs to pay the premiums on the insurance policy, promised plaintiff RICHARD A. FISHER that he would obtain an automobile liability insurance policy which would cover plaintiffs for liability which would arise out of an automobile accident whether a tractor described in the policy was pulling a trailer described in the policy or a trailer owned by a customer.

"2. Defendants breached their agreement to obtain the policy with the coverage as promised, although the premium was paid and all conditions of the policy met by plaintiffs."

## COUNT III

"1. Defendant THE HARDESTER CORPO-RATION is an insurance agency representing NORTHLAND INSURANCE COMPANY, with general agency authority to solicit business from members of the public, to bind coverage, and to issue policies of NORTHLAND INSURANCE COMPANY on their behalf, and were acting on behalf of defendant NORTHLAND INSURANCE COMPANY in advising plaintiffs and obtaining the insurance policy.

"2. The negligence, misrepresentation and breach of contract by defendants MAXWELL C. TYLER and THE HARDESTER CORPORATION are imputed to defendant NORTHLAND INSURANCE COMPANY, as their principal."

## COUNT IV

"1. Defendant NORTHLAND INSURANCE COMPANY issued policy number L 07-58-93 to FISHER TRUCKING CORPORATION effective November 1, 1972 through November 1, 1973.

"2. Defendant NORTHLAND INSURANCE COMPANY breached said policy by disclaiming coverage to plaintiffs for the aforesaid accident, refusing to defend the suit filed against the plaintiffs or to pay claims asserted against them or to pay expenses and costs in connection with their defense of the aforesaid action." [1]

At the conclusion of each count, appellants asked the court to declare that one or all of the appellees were liable to them for any judgment rendered in conjunction with the accident to the extent of the monetary limit of the policy issued by Northland, and to stay a personal injury suit instituted by one of the nominal defendants against the appellants.

On the day before trial began, the appellees moved to transfer the case to equity. The motion was granted over the objection of the appellants.

Trial commenced on April 11, 1974 before the trial court without a jury. The trial court found for the appellees and denied all requested relief. From that decision the appellants prosecute this appeal.

We hold that the trial court erred in transferring the case from law to equity. We do not reach the question of the propriety of denying a jury trial in a declaratory judgment action properly in equity. *See,* however, *Village Books, Inc. et al. v. State's Attorney for Prince George's County,* 263 Md. 76, 282 A. 2d 126 (1971).

Declaratory judgments can be obtained both at law or in equity. *Himes v. Day,* 254 Md. 197, 254 A. 2d 181 (1969). The determination of whether the action is properly at law or in

---

1. Count V which sought a declaration against the Hartford Insurance Group, was eliminated by the granting of Hartford's Motion for Summary Judgment which was not opposed by the appellants.

equity must be made by an examination of the nature of the claim asserted and the relief requested. In this regard see *Glorius v. Watkins,* 203 Md. 546, 548, 102 A. 2d 274 (1954):

> "If the proceeding is of a legal nature, it does not become equitable when cast in the form of a demand for a declaratory decree; just as a remedy purely legal cannot be sought in an equity court merely by invoking Article 31A."

The appellees claim that appellants' cause of action was really one for reformation of the insurance contract and that consequently the case was properly transferred to equity. A review of the declaration as quoted above however shows the fallacy of the appellees' position. In Count I, appellants claim that the appellee, Tyler, said he would obtain insurance covering the transportation of trailers owned by other persons; that he negligently failed to do so; that he failed to notify them that the policy in fact had an exclusionary clause to cover hauling of other trailers; that the appellants relied on the expertise of Tyler and Hardester and that as a result of the appellees' negligence, they should be held accountable to the appellants to the extent of the monetary policy limit. Count II alleges that the appellees, Tyler and Hardester, breached their contract to obtain insurance coverage as requested by appellant. Count III alleges that the "negligence, misrepresentation and breach of contract" by Tyler and Hardester should be imputed to their principal, Northland. Count IV alleges that appellee Northland breached the insurance policy by disclaiming liability to the appellants. There are no allegations of fraud in any of the counts.

Looking at these four counts it is clear to us that the appellants were not asking the court to reform the insurance contract. Counts II and IV deal exclusively with alleged breaches of contracts which have long been recognized as legal actions. *Tidewater Express Lines, Inc. v. Freight Drivers & Helpers Local Union No. 557,* 230 Md. 450, 187 A. 2d 685 (1963). That the counts were inconsistent is of no importance. Md. Rule 301 d. Counts I and III allege

negligence on the part of Tyler and Hardester in failing to obtain the requested insurance and pray that they as well as Northland be held liable to the monetary limit on the policy. These allegations in no way request reformation of the insurance contract; they merely allege an independent cause of action for negligence as recognized in *Lowitt v. Pearsall Chemical Corp.*, 242 Md. 245, 219 A. 2d 67 (1966). In *Lowitt* the court, citing *Couch, Insurance 2d*, § 25:37 said at 254:

> " 'An agent, employed to effect insurance, must exercise such reasonable skill and ordinary diligence as may fairly be expected from a person in his profession or situation, in doing what is necessary to effect a policy, in seeing that it effectually covers the property to be insured, in selecting the insurer and so on.' "

The Court, citing *Couch, Insurance*, § 481 further added at 254:

> " 'As a general rule, a broker or agent who, with a view to compensation for his services undertakes to procure insurance on the property of another, but fails to do so with reasonable diligence, and in the exercise of due care, or procures a void or defective policy * * * is personally liable to his principal for any damages resulting therefrom. In fact, a broker taking money to secure insurance, who unjustifiably fails to secure the same, or to make an effort to do so, becomes liable, in case of loss, to pay as much of the same as would have been covered by the policy had it been secured.' "

In *Lowitt*, the Court also cited with approval the following passage from *Hampton Roads Carriers v. Boston Insurance Co.*, 150 F. Supp. 338, 343 (D. Md. 1957):

> " 'An insurance agent who undertakes to secure a specified coverage is liable in damages to the applicant for failure to procure such insurance, and this liability extends to negligence as a result of which the specified risk is not included in the policy.' "

The appellees also claim that the transfer of the instant case to equity was proper to prevent a multiplicity of suits. The appellants joined as nominal party defendants in the instant suit all the individuals involved in the accident and their insurance companies. Maryland has never decided that avoidance of multiplicity of suits is a ground alone sufficient to invoke equity jurisdiction. *Polansky v. Orlove,* 252 Md. 619, 625, 251 A. 2d 201 (1969); *Bachman v. Lembach,* 192 Md. 35, 41, 63 A. 2d 641 (1949). We do not need to decide the question now because we cannot see how the number of suits would be increased whether the present case proceeds at law or in equity.

The appellants asked the court to stay a pending personal injury suit filed against them pending the result of the declaratory judgment action. Such a claim is permitted at law. Md. Rule BF40. We need not and do not pass upon the propriety of granting an injunction in the instant case.

Appellees claim that the allegation of estoppel contained in appellants' amended Bill created equity jurisdiction. We do not reach the merits of this question because the estoppel claim was not inserted by appellants until after the case had been transferred to the equity side. At that point appellants had no option but to proceed in equity. *Farmers' & Merchants' Bank v. Harper,* 153 Md. 128, 132, 137 A. 702 (1927).

Appellees finally claim that the appellants waived their right to challenge the equity jurisdiction of the lower court and their right to a jury trial. We see no evidence of waiver. The appellants seasonably objected to the transfer to equity and their prosecution of the case in equity after the transfer was not a waiver. *Farmers' & Merchants' Bank v. Harper, supra.* The appellants had no choice but to proceed in equity, which they did, until a final decree was rendered against them. This appeal followed.

Under Md. Rule 515 the transfer of a case from law to equity, or conversely, is authorized only where the relief requested cannot be granted in the particular court in which the case is brought. From our discussion it is apparent the appellants could have secured all relief requested at law,

672

assuming their allegations are supported by the facts. Thus, there was prejudicial error in the transfer which denied the appellants their right to a jury trial.

*Judgment reversed.*
*Case remanded for new trial.*
*Appellees to pay the costs.*