RAYMOND C. CORKRAN, ETC. ET AL. *v.* ZONING
COMMISSIONER FOR BALTIMORE COUNTY

[No. 630, September Term, 1978.]

*Decided February 8, 1979.*

The cause was argued before GILBERT, C. J., and LISS and COUCH, JJ.

*Walter I. Seif, Jr.,* with whom were *Seif & Herzberger, P.A.* on the brief, for appellants.

*Thomas J. Bollinger, Assistant County Solicitor for Baltimore County,* with whom was *J. Carroll Holzer, County Solicitor,* on the brief, for appellee.

GILBERT, C. J., delivered the opinion of the Court.

"[T]he privilege of bringing every law to the test of the constitution [both federal and State] belongs to the humblest citizen, who owes no obedience to any legislative act, which transcends the constitutional limits."[1] The appellants in the instant case,[2] firmly believing that they have erroneously been denied their right to put an ordinance of Baltimore County "to the test of the constitution," have brought their cause to this Court. Here, they decry the dismissal by the Circuit Court for Baltimore County of their suit for a declaratory judgment, the goal of which was to have Ordinance 18-76, effective April 19, 1976, adjudged to be null and void.

The appellants' nar was met by a motion raising preliminary objection, Md. Rule 323 a (10).[3] Without a hearing, the motion was granted and the case was dismissed. The judge observed that the appellants had set "forth no claim cognizable in Law." We, however, have an entirely different view of the appellants' claim. Because we think that the nar did recite a "claim cognizable in Law," we shall reverse the order that granted the motion of the appellee, Baltimore County, and that dismissed the suit.

---

1. Joseph Story, Address to the Suffolk Bar, September 4, 1821 in *The Miscellaneous Writings of Joseph Story* (Boston: James Munroe and Company, 1835) p. 428.

2. The appellants are: Raymond C. Corkran and Maurice Robbins t/a Northpoint Terminals, Kenneth W. Branamen and Pearl Branamen, Russell Siegel, Eugene A. Davidson, Louis Petrovia, and Ernest D. Shiflett.

3. "Lack of jurisdiction over the subject matter."

The declaration charged that Ordinance 18-76 was an unlawful "delegation of authority to the County trucking—facilities—development officials," will result in a loss of use of appellants' property which is akin to a taking of property without just compensation, a denial of the equal protection of the law, and a deprivation of property rights. The appellants requested the circuit court to declare Ordinance 18-76 unconstitutional. They further sought the issuance of "an injunction, both temporary and permanent . . . ordering the Zoning Commission of Baltimore County to cease and desist the enforcing of Ordinance No. 18-76 until such time as there shall be a ruling on the constitutionality of said Ordinance." We think it clear that the injunction that appellants sought was temporary in nature. If issued, it would have had a life span of no longer than the date of the ruling on the constitutionality *vel non* of the ordinance. Should the court have decided the ordinance to be constitutionally sound, there would have been nothing further to enjoin. On the other hand, had the court decided the ordinance was constitutionally infirm, there would have been no need to continue the injunction past the date of such declaration. Although the prayers for relief, as embodied in the nar, do express the thought that a "temporary and permanent" injunction was sought by the appellants, it is patent that the use of the adjective "permanent" [4] is inconsistent with the expressed desires of the appellants.

The Maryland Uniform Declaratory Judgments Act, now codified in Courts and Judicial Proceedings Article §§ 3-401 to 3-415, inclusive, states its legislative purpose in section 3-402 thereof. That section provides that the act is remedial in nature. "Its purpose is to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations. It shall be liberally construed and administered." Courts Art. § 3-402. The Court of Appeals, in *Himes v. Day,* 254 Md. 197, 206, 254 A. 2d 181, 186 (1969), speaking through the late Judge Finan, said, "We think Judge

---

4. The adjective "permanent" is defined to mean: "1. Fixed and changeless; lasting or meant to last indefinitely. 2. Not expected to change in status, condition, or place. . . ." *The American Heritage Dictionary of the English Language* (1970).

O'Donnell's [5] observation in the court below, that declaratory judgment procedure is available at law as well as in equity is quite correct." *See also Fisher v. Tyler,* 24 Md. App. 663, 668, 332 A. 2d 265, 268 (1975). "The determination of whether the action is properly at law or in equity," Judge Thompson wrote for the Court in *Fisher v. Tyler, supra,* "must be made by an examination of the nature of the claim asserted and the relief requested." 24 Md. App. at 668-69, 332 A. 2d at 268.

The case of *Glorius v. Watkins,* 203 Md. 546, 102 A. 2d 274 (1954) makes manifest that "[i]f the proceeding is of a legal nature, it does not become equitable when cast in the form of a demand for a declaratory decree; just as a remedy purely legal cannot be sought in an equity court merely by invoking ... [The Declaratory Judgment Act]." Put more graphically, "a wolf in sheep's clothing" [6] is yet a wolf. The veneer in which the suit is boxed is not the standard by which it is tested, rather it is the fabric from which the suit has been tailored that determines whether the action belongs in law or in equity.

The appellee contends that the appellants asked for "a permanent injunction, which is not ancillary relief and within the authority of the law court." We have previously pointed out that the use of the adjective "permanent" by the appellants in their declaration was obviously an incorrect usage of the word. Nevertheless, on its face, the declaration could not have meant that the requested injunction be permanent in nature, because in the same sentence, the appellants made clear that the sought after "temporary and permanent" injunction would have a short life. When the trial court ruled on the constitutionality of the ordinance, the so-called "temporary and permanent" injunction would expire. *Ergo,* irrespective of the manner in which appellants characterized the requested injunction, the injunction, if issued, would be no more than temporary, and temporary

---

5. Judge O'Donnell later served on the Court of Appeals from April 29, 1974 until his death on April 2, 1976.

6. Aesop. c 550 B.C., *The Wolf in Sheep's Clothing.*

injunctions are available in declaratory judgment actions as ancillary relief. Md. Rules BF40, BF41, BF42, and BF43.[7] *Redding v. Board of County Commissioners,* 263 Md. 94, 112, 282 A. 2d 136, 146 (1971).

The declaration was properly brought in the law court, as that court had jurisdiction to declare the relief requested, and it possessed the ancillary authority to enjoin temporarily the enforcement of Ordinance No. 18-76. We think the circuit court erred in dismissing the declaration. Even if the circuit court had not erred in its preliminary motion ruling, we would still be hard pressed to hold that the judge was correct in dismissing the appellants' suit. The reason that we would find such a holding difficult is found in Md. Rule 515 a, which provides in pertinent part:

> "Where it shall appear that the plaintiff is or may be entitled to some relief or remedy, but not in the particular court, or on the side of the court in which the action is brought or the relief is prayed, the plaintiff shall not on that account be nonsuited or the action dismissed; but the action shall be transferred by an order to such proper court or docket, either of equity or law, in the same county, as the nature thereof may require, or, if the action is within the exclusive jurisdiction of the District Court then to the District Court sitting in the same county and upon such terms as to the payment of costs as the court may order."

The rule permits a trial court to transfer the case to the proper side of the court, if it has been instituted on the incorrect side. The court may take such action on motion by the plaintiff or on its own initiative. The rule places the utmost importance on preventing a plaintiff who appears to be entitled to some relief, from being denied that relief simply

---

7. Md. Rule BF40 provides that "[i]n an action at law a party either in his original pleading or at any time after the commencement of the action ... may claim ... that ... a[n] ... injunction ... be issued." Md. Rule BF40 a. If, however, the case is at issue, "a claim for a writ of injunction ... shall be filed only after obtaining leave of court." Md. Rule BF40 b.

because he sought to invoke the aid of the wrong side of the court. The rule does not necessitate, as appellee suggests, that a motion for transfer to the proper forum originate with the plaintiff, or that failure by the plaintiff to so move constitutes a waiver of Rule 515. When the judge observes that the plaintiff may be entitled to some relief in the other side of the court from that in which the action was brought, he, in the interest of justice, at any time before the jury retires to consider its verdict, if the action be at law and there is a jury, or at any time before final judgment in an equity or non-jury trial, Md. Rule 515 b, shall order the cause transferred to the proper court or docket. Md. Rule 515 a. Thus, if the judge believed the suit to have been brought in the wrong side of the court, he should not have dismissed it but ordered it transferred to the proper side.

We believe the motion raising preliminary objection on the ground of lack of subject matter jurisdiction to have been improperly granted.

*Order granting motion raising preliminary objection and dismissing appellants' declaration is vacated.*

*Case is remanded for further proceedings.*

*Costs to be paid by Baltimore County.*