## VERONA HOUSING, INC. *v.* ST. MARY'S COUNTY METROPOLITAN COMMISSION

[No. 1039, September Term, 1979.]

*Decided April 16, 1980.*

The cause was argued before MELVIN, COUCH and MACDANIEL, JJ.

*Salvatore E. Anello, III,* with whom was *Arnold R. Silbiger* on the brief, for appellant.

*Neil J. Dilloff,* with whom was *Charles W. Mander* on the brief, for appellee.

MacDANIEL, J., delivered the opinion of the Court.

Appellant Verona Housing, Incorporated, was sued by the St. Mary's County Metropolitan Commission to recover certain monies allegedly due and owing to the Commission for water service furnished to appellant's apartment complex over the past ten years. The Commission had filed a bill of complaint seeking certain declaratory and mandatory injunctive relief. The appellant demurred, challenging the court's equitable jurisdiction · and, alternatively, its power to fashion the relief requested. In February 1979 the demurrer was overruled; appellant then answered the bill of complaint and the Commission filed a motion for summary judgment. On March 6, 1979, the Circuit Court for St. Mary's County, sitting in equity, granted the Commission's motion, and awarded the declaratory and mandatory injunctive relief requested. Appellant then filed this appeal, challenging the trial court's dismissal of its demurrer, its grant of summary judgment and its power to award the equitable relief requested.

The story of this case is long, and its facts complex, so we had best begin at the beginning. Appellant Verona Housing, Incorporated, (hereinafter Verona) is a New Jersey corporation authorized to carry on business in the State of Maryland. It is the successor in interest to the Patuxent Section I, Patuxent Section II and Patuxent Section IV Corporations. As such, it owns a ninety-nine year non-renewable, non-redeemable leasehold interest in certain land in Lexington Park, Maryland, the reversionary interest being owned by the United States of America. The land is improved by an eight to nine-hundred-unit apartment complex, known as the St. Mary's Garden Apartments, which Verona manages. It appears that, for all practical purposes, Verona has no attachable assets in Maryland. The monthly rental income from the complex has been assigned

to certain New Jersey banking interests: Verona merely collects the rents in order to transfer them to the assignee.

Appellee St. Mary's County Metropolitan Commission, (hereinafter the Commission) is a body corporate and politic of a political subdivision of the State of Maryland, created by the General Assembly to manage a public water and sewage system for St. Mary's County.[1] It supplies such services to the St. Mary's Garden Apartments.

In 1971, the Commission assumed control of the privately owned and operated Patuxent Water Company, Inc., which, until that time, had provided water service to the apartment complex, then operated by Verona's predecessors in interest. The dispute began when the Commission raised the water service rates. A running battle then ensued, during the course of which Verona's predecessors ceased paying their water bills, so that by September 1973, the arrearage had grown to $91,050.88. Efforts at an amicable settlement having failed, Verona's predecessors brought suit in the United States District Court for the District of Maryland, seeking declaratory relief that certain sections of the Code of Public Laws of St. Mary's County (pertaining to the Commission's authority to set rates and charges) be declared unconstitutional, and injunctive relief preventing both the collection of the arrearage and the cessation of water service for nonpayment.[2] On June 25, 1974, after a full hearing, the complaint was dismissed and the Commission awarded a judgment of $91,050.88. On March 26, 1975, the Fourth Circuit Court of Appeals affirmed the District Court's decision.

The Commission then set out to satisfy its judgment. By May 31, 1975, the arrearage, including the uncollected judgment and other late fees, had grown to $151,172.15. In August, the parties resolved upon a payment plan to eliminate the indebtedness. The Commission recorded its Federal District Court judgment in the Circuit Court for St.

---

1. 1957 Md. Laws, ch. 816, as amended.
2. Patuxent Section I Corporation, et al. v. St. Mary's County Metropolitan Commission, Civil Action No. 71-637 T.

Mary's County on September 22, 1975.[3] Meanwhile, problems developed with the repayment schedule, so that the August agreement was modified on October 22, 1975.

Despite these agreements, the dispute persisted during the next two years so that, by January 1978, Verona, as successor in interest, still owed the Commission $80,885.91.[4] At last, impatient to have its Federal Court judgment satisfied and its current charges paid when due, the Commission filed this suit, in equity, on January 26, 1978.[5]

In response to the Commission's suit, Verona filed an action against the Commission pursuant to Md. Code, Art. 43, § 450, alleging that the rates, fees and charges established by the Commission were "unreasonably high, lack[ed] uniformity, and [were] arbitrary, capricious, discriminatory and confiscatory." [6] Then, on June 16, 1978, Verona demurred to the Commission's petition. On July 12, 1978, the Commission answered the demurrer. It also filed a Motion Raising Preliminary Objection to Verona's Bill of Complaint on the grounds of lack of subject matter jurisdiction based on *res judicata* or collateral estoppel and *lis pendens.* Subsequently, upon motion by the Commission, the two actions were consolidated. Additionally, the parties entered into a settlement agreement which was duly signed and filed with the court as a stipulation.

Throughout 1978, Verona only paid for current service and front foot benefit charges sporadically; its unpaid balance increased, so that by January 1979, its arrearage had grown by an additional $34,333.27. In response, on January 24, 1979, the Commission filed a motion for a mandatory injunction *pendente lite* to compel Verona to pay its current charges.

---

3. Law Docket, No. 5916.

4. $67,242.45 in current charges and debt service charges on the Federal judgment, plus $13,643.46 interest on the unpaid balance, computed since July 1, 1975.

5. St. Mary's County Metropolitan Commission v. Verona Housing, Inc. and St. Mary's Garden Apartments and Abner S. Richmond and Everett G. Gibson and Robert Furlong, Equity No. A6917. The last three codefendants, tenants, were named to represent a class of all the tenants, who were joined in this suit for reasons which will be made clear later in this opinion.

6. Verona Housing, Inc. v. St. Mary's County Metropolitan Commission, Equity No. A6998, filed March 28, 1978.

Events now moved more swiftly. A hearing on the Commission's motion raising preliminary objection to Verona's suit had been held on January 9th. By Order dated January 31st, the trial court granted the Commission's motion and dismissed Verona's suit, ruling that it was an attempt to relitigate the issues raised in Verona's Federal Court action and therefore barred by the doctrine of *res judicata*.[7] On February 14, 1979, the Commission filed a motion for summary judgment in the amount of $108,758.04.[8] Verona answered the Commission's motion for mandatory injunction *pendente lite* on February 15th, and on the sixteenth Verona's demurrer was overruled, with leave granted to answer within fifteen days.

On March 6, 1979, hearing was held on the Commission's motion for summary judgment, and the motion was granted. By decree entered March 21st, and modified August 9, 1979, the court affirmed the balance of the Federal Court judgment, plus interest, and awarded current service and front foot benefit charges as well. Additionally, by way of a mandatory injunction, the court ordered Verona to pay into the court all rent monies collected from tenants residing at the St. Mary's Garden Apartments until such time as the court decreed that they be disbursed to the Commission in satisfaction of the court's judgment. Verona then filed a timely appeal to this Court.

Verona first alleges error to the chancellor's dismissal of its demurrer. In it, Verona alleged that the Commission had an adequate remedy at law, and that the Commission sought to invoke the court's equity jurisdiction pursuant to § 8-211, Md. Real Prop. Code Ann. which, Verona asserted, was a remedial statute, available exclusively to tenants.[9] The issue for decision, therefore, is whether the Commission

---

**7.** Affirmed on appeal, Verona Housing, Inc. v. St. Mary's County Metropolitan Commission, No. 158, September Term, 1979 (Court of Special Appeals, November 23, 1979 (unreported).)

**8.** Representing $67,242.45 plus interest, or $80,088.43 (the balance due on its Federal Court judgment) plus $23,669.61 in current charges.

**9.** Md. Code (1974) § 8-211 of the Real Property Article (Repair of dangerous defects; rent escrow.)

alleged sufficient facts in its petition to invoke the equity jurisdiction of the court below.

In its January 26, 1978, petition the Commission first requested that the court issue a declaratory decree affirming the existence and amount of the unpaid balance of the Federal Court judgment, Verona's delinquency and the Commission's right, pursuant to statute, to cut off water service to the St. Mary's Garden Apartments under those circumstances.[10] The Commission had also joined all the tenants of the apartment complex as a defendant class; it further requested a declaratory decree that its petition constituted sufficient notice to the tenants of the Commission's right and intent to cut off water service, should all else fail. Clearly however, the Commission did not wish to exercise its right. It further petitioned the court that Verona be mandatorily enjoined to collect the tenants' rents when due and owing; that they be paid directly to the court; that the court retain them until the accumulation equalled the indebtedness and that the court then pay them to the Commission in satisfaction of the debt. In support of its petition for a mandatory injunction the Commission alleged as follows:

> "16. The termination of water service by plaintiff to St. Mary's Garden Apartments would constitute a substantial threat to the life and health of the defendant tenants.
>
> 17. Said termination of service would be as a direct result of the landlord's failure to pay the water bills past due and owing to plaintiff, said landlords being defendants Verona and St. Mary's Garden Apartments.

---

**10.** Code of Local Public Laws of St. Mary's County (1978), § 113-13 (formerly § 168):

"In addition to any other powers and penalties contained in this chapter, the commission may discontinue water and sewer services for nonpayment of any service, connection, inspection, benefit, or any other charge if not paid within 30 days of the due date. A penalty of $10 in addition to payment of the bill shall be paid before service is restored."

18. Pursuant to Real Property Article Section 8-211 of the Annotated Code of Maryland, defendants Richmond, Gibson, and Furlong, as representatives of the class of tenants, may pay their rent directly into Court where the landlord's failure to pay its water bills causes a termination of water services.

19. ... defendants Richmond, Gibson, and Furlong, as representatives of the class of tenants, are not directly liable to plaintiff for monies past due and owing for water service or benefit charges and ... plaintiff does not desire to penalize said defendants and other members of the class by terminating water service, . . . ."

Maryland Rule 370 a. 2. provides:

"A bill or petition shall contain a concise statement of the facts upon which the plaintiff seeks relief, and such averments as may be necessary to entitle him to the relief sought, and, may also contain such facts as are intended to avoid an anticipated defense."

Subsection b. of that Rule states:

"A formal combination clause, or allegation of want of remedy at law, or other similar formal averment, shall not be required."

And in *Balto. Import Car v. Md. Port Auth.*, 258 Md. 335, 339-40 (1970), the Court of Appeals quoted from its opinion in *Smith v. Shiebeck*, 180 Md. 412, 420 (1942), to like effect:

" '* * * The material facts essential to the complainant's right to obtain relief should be alleged, but a general statement of the facts is sufficient. It is not necessary to state minutely all the circumstances which may conduce to prove the general charge, as these circumstances are properly matters of evidence which need not be recited to enable them to be admitted as proof [citing cases].

Even though every particular circumstance is not stated, the bill will be held sufficient if it states the complaint with reasonable certainty, clearness and accuracy so as to apprise the defendant of the nature of the claim brought against him.' "

Verona's demurrer challenged the jurisdiction of the court to grant the equitable relief requested. But it is well settled that "a demurrer to an entire bill of complaint must fail if, eliminating any portion of it that may be defective, enough remains to present a sufficient ground for equitable relief." *Causey v. Gray,* 250 Md. 380, 391 (1968); *Smith v. Smith,* 216 Md. 141, 145 (1958); *see also Jackson v. Cupples,* 239 Md. 637, 641 (1965). In light of the Commission's request for declaratory relief, the question before the chancellor in ruling on the demurrer was clear-cut. As the Court of Appeals explained in *Hunt v. Montgomery County,* 248 Md. 403 (1967), at 408-09:

"Ordinarily the only place a demurrer has in the declaratory process is to challenge the legal availability of the remedy sought to be used. In *Shapiro v. County Comm'rs,* 219 Md. 298, 301-03, Judge Prescott for the Court said:

'In actions for declaratory judgments or decrees, as in actions generally, a demurrer admits all of the alleged facts that are well pleaded.
\* \* \*

'It should be borne in mind that a demurrer is rarely appropriate in a declaratory judgment action. Where a bill of complaint shows a subject matter that is within the contemplation of the relief afforded by the declaratory decree statute, and it states sufficient facts to show the existence of the subject matter and the dispute with reference thereto, upon which the court may exercise its declaratory power, it is immaterial that the ultimate ruling may be

unfavorable to the plaintiff. *The test of the sufficiency of the bill is not whether it shows that the plaintiff is entitled to the declaration of rights or interest in accordance with his theory, but whether he is entitled to a declaration at all; so, even though the plaintiff may be on the losing side of the dispute, if he states the existence of a controversy which should be settled, he states a cause of suit for a declaratory decree.'* (Citation omitted.)

The reason is plain why a demurrer should be used in declaratory judgment actions only to challenge the legal availability or appropriateness of the remedy.

'Where the plaintiff's pleading sets forth an actual or justiciable controversy, it is not subject to demurrer since it sets forth a cause of action, even though the plaintiff may not be entitled to a favorable declaration on the facts stated in his complaint; that is, in passing on the demurrer, the court is not concerned with the question whether the plaintiff is right in a controversy, but only with whether he is entitled to a declaration of rights with respect to the matters alleged.' 22 Am. Jur. 2d *Declaratory Judgments,* § 91 (1965)." (Emphasis added.)

*And see Causey v. Gray, supra,* at 391; *Woodland Beach Ass'n v. Worley,* 253 Md. 442, 447-48 (1969); *Balto. Import Car v. Md. Port Auth., supra,* at 338-39, and *Mauzy v. Hornbeck,* 285 Md. 84, 91 (1979).

And in *Woodland Beach, supra,* at 448, the Court wrote:

"Speaking generally, it is only when the declaration sought does not present a justiciable issue . . . that a demurrer would be appropriate, if the lack of a justiciable issue clearly appeared on the face of the bill of complaint or declaration."

Although the Commission did not specifically invoke the Maryland Uniform Declaratory Judgments Acts [11] as part of its prayer for a "declaratory decree," nevertheless, we think it beyond doubt that the Commission thereby requested relief which it was inherently within the chancellor's power to grant. But even admitting, *arguendo,* that the Commission was entitled to a declaration of its statutory right, *vel'non,* to discontinue water service to the apartment complex,[12] Verona would still assert that the demurrer should not have been overruled. Verona argues that the court lacked the necessary equitable jurisdiction: first, because the Commission requested relief available exclusively to tenants (Md. Real Prop. Art. § 8-211), and second, because its remedies at law were adequate in any event.

To begin with, although it is true that, under the Act, declaratory relief is equally available in law and equity, nevertheless it has long been clear that the distinction between law and equity has not thereby been abolished.

---

11. Md. Code (1974, 1980 Repl. Vol.) Cts. & Jud. Proc. Art., § 3-401, *et seq.*

12. Md. Cts. & Jud. Proc. Art., § 3-406 (Power to Construe) provides, in part:

"Any person ... whose rights, status, or other legal relations are affected by a statute, municipal ordinance, administrative rule or regulation ... may have determined any question of construction or validity arising under the instrument, statute, ordinance, administrative rule or regulation ... and obtain a declaration of rights, status, or other legal relations under it."

And § 3-403 (Jurisdiction) provides:

"(a) *In general.* — Except for the District Court, a court of record within its jurisdiction may declare rights, status, and other legal relations whether or not further relief is or could be claimed. An action or proceeding is not open to objection on the ground that a declaratory judgment or decree is prayed for.

(b) *Enumeration not exclusive.* — The enumeration in § 3-406 ... does not limit or restrict the exercise of the general powers conferred in subsection (a) in any proceeding where declaratory relief is sought and in which a judgment or decree will terminate the controversy or remove an uncertainty."

That is to say, a bill not properly in equity will not become so by the mere addition of a prayer for declaratory relief. As the Court of Appeals stated in *Bachman v. Lembach,* 192 Md. 35, 43 (1949): "We find nothing in the statute that would enlarge the equitable jurisdiction upon a mere prayer for declaratory relief. . . ." This Court recently examined the Uniform Act, and specifically its section 3-402 (Purpose and construction of subtitle), in *Corkran v. Zoning Comm'r,* 41 Md. App. 437 (1979), and we observed, at 439-40:

> "That section provides that the act is remedial in nature. 'Its purpose is to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations. It shall be liberally construed and administered.' Courts Art. § 3-402. The Court of Appeals, in *Himes v. Day,* 254 Md. 197, 206, 254 A.2d 181, 186 (1969), speaking through the late Judge Finan, said 'We think Judge O'Donnell's observation in the court below, that declaratory judgment procedure is available at law as well as in equity is quite correct.' *See also Fisher v. Tyler,* 24 Md. App. 663, 668, 332 A.2d 265, 268 (1975). *'The determination of whether the action is properly at law or in equity,' Judge Thompson wrote for the Court in Fisher v. Tyler, supra, 'must be made by an examination of the nature of the claim asserted and the relief requested.'* 24 Md. App. at 668-69, 332 A.2d at 268." (Footnote omitted, emphasis added.)

Examining the "nature of the claim asserted and the relief requested" in the Commission's petition, we think that in light of the Commission's request for mandatory injunctive relief the petition was properly in equity. It is undoubtedly true that the remedies afforded by § 8-211 of the Real Property Art. are available exclusively to tenants. But Verona's assertions to the contrary notwithstanding, we read the Commission's petition not so much to have invoked that section, but merely to have alluded to it as a basis for its assertion that the court had the general power, in equity

and by analogy, to grant the mandatory injunctive relief requested. And we think it beyond doubt that an equity court does have such power in a proper case. That being so, and since, at the very least, the Commission was entitled to a declaration of its statutory right to discontinue water service, we think Verona's demurrer was properly overruled.

As for Verona's assertion that mandatory injunctive relief should have been denied in any event because the Commission's legal remedies were adequate, we shall simply note that we think Verona seriously misapprehends the nature of an adequate remedy at law. In *State v. Ficker,* 266 Md. 500 (1972), the Court of Appeals wrote, at 509:

> "In *C. & P.R.R. Co. v. Penna. R.R. Co.,* 57 Md. 267, 271, we quoted, with approval, Story's definition of an adequate remedy at law:
>
> > ' " * * * It must be adequate; for if at law it falls short of what the party is entitled to, that founds a jurisdiction in equity. And it must be complete; that is, must obtain the full end and justice of the case. It must reach the whole mischief, and secure the whole right of the party in a perfect manner, at the present time and in the future; otherwise, equity will interfere and give such relief and aid as the exigency of the particular case may require. The jurisdiction of a court of equity is, therefore, sometimes concurrent with the jurisdiction of a court of law, it is sometimes exclusive of it; and it is sometimes auxiliary to it." '

We applied the principle in *Baker v. Howard County Hunt,* 171 Md. 159, 174-75, stating:

> 'To justify refusal of equitable relief on the ground that the appellant therefor has a remedy at law, the legal remedy must be fully adequate and complete * * *, for, as stated in *Fletcher, Equity Pleadings & Practice,* p. 246,

> "The remedy at law which precludes relief in equity must be as practical and efficient to the ends of justice and its prompt administration as the remedy in equity." ' "

As earlier noted, for all practical purposes Verona had no attachable property in Maryland; nor were the rents which it collected attachable. And although the Commission could have discontinued water service to the apartment complex, (presumably forcing the tenants to invoke *their* § 8-211 rent escrow remedy) the Commission would still have been without an adequate remedy to collect its judgment. Under the circumstances, we think it clear that the only practical, efficient and complete remedy available to the Commission was that which the chancellor dispensed.

Lastly, Verona alleges error to the chancellor's grant of the Commission's motion for summary judgment. The record before us discloses that Verona did not contest liability for the water service charges, merely the amount. In its answer to the Commission's motion, Verona averred that "[t]here [was] a genuine dispute as to the amount owed for current service charges ...."; and, in an accompanying affidavit, Verona's assistant secretary stated no more than that he had reviewed the records of the Commission and the corporation and that, as of the date of the affidavit, the balances owed by the corporation were "different" than those alleged by the Commission. Verona would have us believe that these averments were sufficient to raise the "genuine issue as to a material fact" necessary to defeat the Commission's motion. We think not.

In *Brown v. Suburban Cadillac, Inc.,* 260 Md. 251 (1971), the Court of Appeals stated, at 255:

> ". . . when the moving party has set forth sufficient grounds for summary judgment, *the party opposing the motion must show with some precision that there is a genuine dispute as to a material fact. Foreman v. Melrod,* 257 Md. 435 441, 263 A.2d 559 (1970); *Fishman Const. Co. v. Hansen,* 238 Md. 418,

422-423, 209 A.2d 605 (1965), and cases cited therein. And, the opposing party must make such a showing by facts which would be admissible in evidence. Maryland Rule 610 b; *Foreman v. Melrod, supra; Fishman Construction Co. v. Hansen, supra; Strickler Engineering Corp. v. Seminar, Inc.,* 210 Md. 93, 100, 122 A.2d 563 (1956)." (Footnote omitted, emphasis added.)

And, in *Lynx, Inc. v. Ordnance Products,* 273 Md. 1 (1974), the Court wrote, at 7-8:

"A bare allegation in a general way that there is a dispute as to material facts is never sufficient to defeat a motion for summary judgment. *James v. Tyler,* 269 Md. 48, 304 A.2d 256 (1973); *Shaffer v. Lohr,* 264 Md. 397, 287 A.2d 42 (1972); *Melbourne v. Griffith,* 263 Md. 486, 283 A.2d 363 (1971). General Allegations which do not show facts in detail and with precision are insufficient to prevent the entry of summary judgment. *Davis v. Montgomery County,* 267 Md. 456, 298 A.2d 178 (1972)."

*And see Hurt v. Stillman & Dolan, Inc.,* 35 Md. App. 644, 647 (1977). We think Verona's bald assertions of the existence of a dispute were hardly sufficient to warrant denial of the Commission's motion for summary judgment. Under all the circumstances, we believe the motion for summary judgment was properly granted.

*Judgment affirmed.*
*Appellant to pay the costs.*