*Leslie Williams v. eWrit Filings, LLC*, No. 206, September Term 2021. Opinion by Beachley, J.

**MARYLAND DEBT COLLECTION LICENSURE REQUIREMENTS—DEBT COLLECTION ACTIVITY—FAILURE TO PAY RENT ACTIONS CONSTITUTE DEBT COLLECTION ACTIONS**

In October 2017, Leslie Williams executed a lease to rent an apartment. When she failed to fully pay her rent on time, the property manager hired eWrit to file Failure to Pay Rent ("FTPR") actions against her. eWrit ultimately filed nine FTPR actions against Ms. Williams, but did not possess a collection agency license when it filed the first four FTPR actions.

Thereafter, Ms. Williams filed a complaint in the Circuit Court for Anne Arundel County seeking class certification for a class action lawsuit, and alleging that eWrit violated the Maryland Collection Agency Licensing Act ("MCALA"), the Maryland Consumer Debt Collection Act ("MCDCA"), and the Maryland Consumer Protection Act ("MCPA"). Her claims concerned the fact that eWrit filed four FTPR actions against her without holding the requisite license to perform debt collection activity as required by the MCALA. Inherent in her argument is the notion that filing FTPR actions constitutes debt collection activity.

The circuit court initially denied eWrit's motion to dismiss the complaint, but on a motion for reconsideration, eWrit successfully persuaded the court that the filing of FTPR actions does not constitute debt collection activity and therefore no debt collection license was required. Accordingly, the circuit court granted eWrit's motion to dismiss.

*Held*: Judgment reversed and remanded. Under a plain reading of the MCALA, an FTPR action constitutes debt collection activity. Here, the FTPR complaints requested "possession of the property and a judgment for the amount determined to be due." The FTPR actions therefore constituted a "consumer claim" as defined in the MCALA because they represent a claim for "money owed" arising from a transaction for personal property (the leasehold interest).

A review of the legislative history of the MCALA vindicates this plain reading. Two weeks after issuance of a 1980 Attorney General Opinion which asserted that all entities collecting rent for others are debt collectors, the General Assembly introduced a bill to clarify what entities constitute collection agencies. Ultimately, the bill only exempted real estate brokers from the definition of a collection agency in the context of rent collection. Accordingly, the General Assembly has never manifested an intent to exclude other rent collectors such as eWrit from the definition of a debt collection agency.

Finally, the enactment of Courts and Judicial Proceedings Article ("CJP") § 5-1201 et seq. do not impact the licensure requirements of parties who file FTPR actions on behalf of others. To be sure, those statutes impose safeguards and procedural hurdles against debt collectors seeking to file claims in Maryland. Nevertheless, the statutes were never intended to modify the MCALA's licensure requirements.

Circuit Court for Anne Arundel County
Case No.  C-02-CV-20-001655

REPORTED

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 206

September Term, 2021

———————————————————

LESLIE WILLIAMS

v.

EWRIT FILINGS, LLC

———————————————————

Reed,
Beachley,
Zarnoch, Robert A.
  (Senior Judge, Specially Assigned),

JJ.

———————————————————

Opinion by Beachley, J.

———————————————————

Filed:  January 26, 2022

*Ripken, J., did not participate in the Court's decision to designate this opinion for publication pursuant to Maryland Rule 8-605.1.

Pursuant to Maryland Uniform Electronic Legal
Materials Act
(§§ 10-1601 et seq. of the State Government Article) this document is authentic.



Suzanne C. Johnson, Clerk

From November 2017 through September 2018, appellee eWrit Filings, LLC ("eWrit") filed nine Failure to Pay Rent ("FTPR") actions against appellant Leslie Williams. On August 26, 2020, Ms. Williams, as lead plaintiff, filed a class action complaint against eWrit in the Circuit Court for Anne Arundel County, alleging that eWrit unlawfully acted as a debt collector by filing the FTPR actions without having first obtained a debt collection license as required by Maryland law. eWrit moved to dismiss the complaint, and the circuit court denied eWrit's motion. eWrit then filed a motion for reconsideration, which Ms. Williams opposed. Following a hearing, the court granted eWrit's motion and dismissed the complaint. Ms. Williams timely appealed and presents four questions for our review, which we have consolidated into one: Was eWrit required to have a debt collection license in order to lawfully file FTPR actions? Based on our interpretation of the relevant statutes, we hold that eWrit was required to have a debt collection license to file FTPR actions and, accordingly, the circuit court erred in dismissing Ms. Williams's complaint.

**FACTS AND PROCEEDINGS[1]**

According to Ms. Williams's complaint, on October 19, 2017, she executed a written lease to rent an apartment in Glen Burnie, Maryland. A company called Morgan

---

[1] Because Ms. Williams appeals the circuit court's grant of eWrit's motion to dismiss, we are required to "presume the truth of all well-pleaded facts in the complaint, along with any reasonable inferences derived therefrom." *Higginbotham v. Pub. Serv. Comm'n of Md.*, 171 Md. App. 254, 264 (2006) (quoting *Britton v. Meier*, 148 Md. App. 419, 425 (2002)). Accordingly, our factual recitation presumes the truth of the facts alleged in Ms. Williams's complaint.

Properties managed that property. Because Ms. Williams failed to fully pay her rent on time, Morgan Properties apparently hired eWrit to file FTPR actions against her. eWrit filed these FTPR actions pursuant to Real Property Article ("RP") § 8-401,[2] which allows a landlord to initiate eviction proceedings against a tenant who is late on her rent. Specifically, eWrit filed FTPR actions against Ms. Williams for late rental payments on November 7, 2017; December 8, 2017; January 9, 2018; February 8, 2018; May 9, 2018; June 8, 2018; July 10, 2018; August 8, 2018; and September 7, 2018.

The Maryland Collection Agency Licensing Act ("MCALA") requires a debt collection agency to first obtain a license before performing debt collection activity within the State. Md. Code (1992, 2015 Repl. Vol., 2021 Supp.), § 7-301 of the Business Regulation Article ("BR").[3] eWrit did not obtain its license, however, until April 3, 2018, meaning that it filed four FTPR actions against Ms. Williams while not licensed as a collection agency.[4] Accordingly, Ms. Williams averred that eWrit's FTPR actions filed on November 7, 2017; December 8, 2017; January 9, 2018; and February 8, 2018 were illegal,

---

[2] We recognize that Md. Code (1974, 2015 Repl. Vol., 2021 Supp.), § 8-401 of the Real Property Article has been amended numerous times, and that the version as written in 2014 would have been in effect when eWrit filed the FTPR actions at issue here. Nevertheless, the subsequent amendments to RP § 8-401 have no bearing on the outcome of our decision.

[3] Although we have cited to the 2021 Supplement of BR § 7-301, we note that this statute has not been amended since 2017.

[4] At the hearing on the motion for reconsideration, eWrit's counsel asserted that it did not acquire a license because it believed one was needed to comply with the MCALA. Rather, eWrit's counsel explained that eWrit obtained its license "in order to cut off potential exposure" from lawsuits such as the instant case.

and that the corresponding judgments eWrit obtained against her were therefore unenforceable.

Pursuant to her interpretation of eWrit's conduct—that filing FTPR actions constitutes debt collection activity—Ms. Williams, as the lead plaintiff in a class action lawsuit, filed a four-count complaint against eWrit. The first count alleged that eWrit violated the Maryland Consumer Debt Collection Act ("MCDCA") by performing debt collection activities without a debt collector license in violation of Md. Code (1975, 2013 Repl. Vol., 2021 Supp.), § 14-202(8) of the Commercial Law Article ("CL").[5] That code section prohibits a debt collector from attempting to enforce a right "with knowledge that the right does not exist." The second count alleged that eWrit violated the Maryland Consumer Protection Act ("MCPA") by filing the FTPR actions without a debt collection license, in violation of CL § 13-301(1). That section defines "unfair, abusive, or deceptive" trade practices to include false or misleading statements or representations that have the capacity or tendency to deceive or mislead consumers. The third count requested a declaratory judgment that the judgments eWrit obtained in its FTPR actions were

---

[5] We note that CL § 14-202 was amended in 2018 to add two additional prohibited acts, including "engag[ing] in unlicensed debt collection activity in violation of the [MCALA.]" As will be made clear in our discussion, the amendment has no impact on the outcome of this case.

3

unenforceable. The fourth count sought attorneys' fees.[6] Thus, all of Ms. Williams's causes of action were predicated upon her belief that eWrit was required to possess a debt collector license to legally file FTPR actions in Maryland.

On October 27, 2020, eWrit moved to dismiss and requested a hearing. In eWrit's memorandum in support of its motion to dismiss, eWrit argued, among other things, that it was not subject to the licensure requirements found in the MCALA because it did not engage in debt collection activity. Ms. Williams filed an opposition, and on November 19, 2020, the circuit court denied eWrit's motion without a hearing.

On December 2, 2020, eWrit filed a motion to reconsider and again requested a hearing. A hearing was held before a different judge than the one who originally denied eWrit's motion to dismiss. At the conclusion of the hearing, the court granted eWrit's motion and dismissed the complaint, and Ms. Williams timely appealed. We shall provide additional facts as necessary.

## STANDARD OF REVIEW

"Generally, the 'standard of review of the grant or denial of a motion to dismiss is whether the trial court was legally correct.'" *Blackstone v. Sharma*, 461 Md. 87, 110 (2018) (quoting *Davis v. Frostburg Facility Operations, LLC*, 457 Md. 275, 284 (2018)).

---

[6] The Class Action Complaint also requested class certification pursuant to Maryland Rule 2-231. A court, however, is not required to determine class certification prior to granting a motion to dismiss. *Murray v. Midland Funding, LLC*, 233 Md. App. 254, 264 n.7 (2017). Although the circuit court ultimately granted eWrit's motion to dismiss, it never resolved the class certification issue.

4

The threshold issue in this case is whether eWrit, by simply filing FTPR actions on behalf of another, performed debt collection activity and therefore functioned as a debt collection agency for purposes of the MCALA, MCDCA, and MCPA. As we shall explain, the plain language of the MCALA establishes that actions meant to collect consumer debt for others, including FTPR actions, constitute debt collection activity. Moreover, the relevant legislative history confirms our plain language interpretation. Accordingly, eWrit was required to be licensed as a debt collection agency to file the FTPR actions in this case. We therefore reverse the circuit court's grant of eWrit's motion to dismiss Ms. Williams's complaint. Before we begin our analysis, however, it behooves us to first explain the landscape regarding the MCALA, MCDCA, and MCPA.

The General Assembly enacted the MCPA in 1973 in order to "take strong protective and preventative steps to investigate unlawful consumer practices, to assist the public in obtaining relief from these practices and to prevent these practices from occurring in Maryland." *Andrews & Lawrence Prof'l Servs., LLC v. Mills*, 467 Md. 126, 149-50 (2020) (quoting CL § 13-102(b)(3)). The MCPA "prohibits all trade practices that are unfair, abusive or deceptive in, among other things, the collection of consumer debts." *Id.* at 150 (citing CL §§ 13-301(14)(iii); 13-303(5)). The MCPA provides a private enforcement mechanism pursuant to CL § 13-408(a). *Id.*

Additionally, Maryland also has a consumer debt collection act—the MCDCA.

5

The MCDCA regulates any "person collecting or attempting to collect an alleged debt arising out of a consumer transaction." [CL] § 14-201(b) (defining "collector"). The MCDCA prohibits eleven categories of conduct when collecting debts, including placing harassing or abusive calls to a debtor or claiming, attempting, or threatening to enforce a right with knowledge that the right does not exist. CL §§ 14-202(6); (8). The MCDCA also provides that a collector may not "[e]ngage in unlicensed debt collection activity in violation of the [MCALA.]" CL § 14-202(10).

*Id.* at 151. We note that CL § 14-202 was amended on October 1, 2018, three weeks *after* eWrit filed its final FTPR action against Ms. Williams. That amendment added CL § 14-202(10), which, as noted, expressly prohibits a debt collector from engaging in unlicensed debt collection activity in violation of the MCALA. Nevertheless, prior to the 2018 amendment, the MCDCA still prohibited unlicensed debt collectors from pursuing debt collection actions in violation of the MCALA. *See LVNV Funding LLC v. Finch*, 463 Md. 586, 612 (2019) (holding that an unlicensed debt collector who attempts to collect a debt violates CL § 14-202(8) by attempting to enforce a right with knowledge that the right does not exist).

Finally, the MCALA "requires a collection agency to be licensed by the State Collection Agency Licensing Board unless exempted by the [MCALA]." *Mills*, 467 Md. at 151-52 (citing BR §§ 7-101; 7-301) (footnote omitted). Because the MCALA does not provide its own mechanisms for public enforcement or a private cause of action, a consumer who is sued by an unlicensed debt collector in violation of the MCALA may bring a claim for damages pursuant to the MCDCA and the MCPA (as Ms. Williams has done here). *See Finch v. LVNV Funding, LLC*, 212 Md. App. 748, 763 n.10 (2013), *abrogated on other grounds by LVNV Funding LLC v. Finch*, 463 Md. 586, 607. A

6

violation of the MCALA constitutes a violation of the MCDCA, *LVNV Funding LLC*, 463 Md. at 612, and a violation of the MCDCA constitutes a per se violation of the MCPA, *Chavis v. Blibaum & Assocs., P.A.*, __ Md. __, No. 30, Sept. Term 2020, Slip Op. at 14-15 (Md. Aug. 27, 2021) (quoting CL § 13-301(14)(iii)). Thus, if eWrit's filing of FTPR actions constitutes debt collection activity requiring licensure under the MCALA, Ms. Williams would have a viable cause of action for violations of the MCDCA and MCPA.

Against this backdrop, we note that the MCALA defines a "collection agency" as follows:

> (d) "Collection agency" means a person who engages directly or indirectly in the business of:
>
> (1)    (i) collecting for, or soliciting from another, a consumer claim; or
> (ii) collecting a consumer claim the person owns, if the claim was in default when the person acquired it;
>
> (2) collecting a consumer claim the person owns, using a name or other artifice that indicates that another party is attempting to collect the consumer claim;
>
> (3) giving, selling, attempting to give or sell to another, or using, for collection of a consumer claim, a series or system of forms or letters that indicates directly or indirectly that a person other than the owner is asserting the consumer claim; or
>
> (4) employing the services of an individual or business to solicit or sell a collection system to be used for collection of a consumer claim.

BR § 7-101(d). The MCALA defines a "consumer claim" as a claim that "(1) is for money owed or said to be owed by a resident of the State; and (2) arises from a transaction in which, for a family, household, or personal purpose, the resident sought or got credit, money, personal property, real property, or services." BR § 7-101(f). We further note that

7

the MCALA requires a license for any person who "does business as a collection agency in the State." BR § 7-301(a). Simply put, an entity that seeks to collect a consumer claim for another party performs debt collection activity, and requires a license.

The MCALA also contains a list of entities that are exempt from the Act. Among the exempted entities are banks and related financial institutions. *See* BR § 7-102(b). Relevant here, the licensing requirements in the MCALA do not apply to "a licensed real estate broker, or an individual acting on behalf of the real estate broker, in the collection of rent or allied charges for property[.]" BR § 7-102(b)(5). We shall discuss BR § 7-102(b)(5) in more detail *infra*.

Our analysis shall be guided by familiar precepts of statutory interpretation. "When conducting a statutory construction analysis, we begin 'with the plain language of the statute, and ordinary, popular understanding of the English language dictates interpretation of its terminology.'" *Blackstone*, 461 Md. at 113 (quoting *Schreyer v. Chaplain*, 416 Md. 94, 101 (2010)). "Even in instances 'when the language is unambiguous, it is useful to review legislative history of the statute to confirm that interpretation and to eliminate another version of legislative intent alleged to be latent in the language.'" *Id*. (quoting *State v. Roshchin*, 446 Md. 128, 140 (2016)).

I.      eWRIT'S FTPR ACTIONS CONSTITUTE DEBT COLLECTION ACTIVITY

We begin with the MCALA's plain language. The MCALA defines a "collection agency" as "a person who engages directly or indirectly in the business of: (1)(i) collecting for, or soliciting from another, a consumer claim." BR § 7-101(d)(1)(i). "Consumer claim" is defined to mean "a claim that: (1) is for money owed or said to be owed by a resident of

8

the State; and (2) arises from a transaction in which, for a family, household, or personal purpose, the resident sought or got credit, money, personal property, real property, or services."  BR § 7-101(f).

To determine whether an FTPR action constitutes a "consumer claim" under the MCALA, we look to RP § 8-401, the statutory authority for FTPR actions.  RP § 8-401(b)(2)(iv) provides, in relevant part, that a landlord may file in the District Court a complaint "Requesting to repossess the premises and, if requested by the landlord, a judgment for the amount of rent due, costs, and any late fees, less the amount of any utility bills, fees, or security deposits paid by a tenant under § 7-309 of the Public Utilities Article[.]"  Thus, the statute expressly provides that a landlord may seek both repossession of the premises *and* a monetary judgment.  Here, when eWrit filed its FTPR complaints against Ms. Williams, it used District Court Form DC-CV-82[7], the standard District Court form for FTPR complaints authorized by RP § 8-401.[8]  In each FTPR complaint filed against Ms. Williams, eWrit asserted that "The Tenant rents from the Landlord who asks for possession of the property and a judgment for the amount determined to be due."  *See* Paragraph 4 of DC-CV-82.  In the following paragraphs of each FTPR complaint, eWrit alleged that Ms. Williams "is responsible to pay" $1,145 per month in rent, and then sets

---

[7] District Court Form DC-CV-82 was revised in October 2021.  *See* https://www.courts.state.md.us/sites/default/files/import/district/forms/civil/dccv082np.pdf (last accessed December 9, 2021).  The subsequent changes to the form have no bearing on our analysis.

[8] At the request of the Court, Ms. Williams filed a "Supplement to Record Extract" which included eWrit's District Court form complaints against her.

9

forth the precise amount of rent and late charges claimed. *See* Paragraphs 5 and 6 of DC-CV-82. We have no difficulty concluding that eWrit's complaints, on their face, sought to collect "consumer claims" as defined in the MCALA. Each FTPR complaint represents "a claim that: (1) is for money owed or said to be owed by a resident of the State; and (2) arises from a transaction in which, for a family, household, or personal purpose, the resident sought or got credit, money, personal property, real property, or services."[9] BR § 7-101(f).

eWrit attempts to extricate itself from the grasp of the MCALA's licensing requirements by arguing that, because it never personally served Ms. Williams and thus did not obtain personal jurisdiction over her, the District Court could not have entered a monetary judgment against her.[10] We are wholly unpersuaded by eWrit's argument—the complaints filed against Ms. Williams unequivocally sought "possession of the property and *a judgment for the amount determined to be due*." (Emphasis added). That eWrit effectively withdrew its request for a monetary judgment when it appeared before a District Court judge does not vitiate its "claim" for "money owed" by a Maryland resident where the resident received "personal property" (a leasehold interest) for a "family, household, or personal purpose." BR § 7-101(f). Furthermore, in Ms. Williams's complaint, she

---

[9] It has been long-established in Maryland that a leasehold interest constitutes an interest in personal property. *See Neuman v. Travelers Indem. Co.*, 271 Md. 636, 641 (1974); *Heritage Realty, Inc. v. City of Balt.*, 252 Md. 1, 4 (1969); *Kolker v. Biggs*, 203 Md. 137, 141 (1953); *Holzman v. Wager*, 114 Md. 322, 328 (1911).

[10] RP § 8-401(e)(2)(iv) only allows a party to seek a judgment for rent and late fees if the residential tenant was personally served with a summons.

10

specifically alleged that eWrit sought and obtained money judgments against her.[11]  In short, eWrit, by filing the FTPR complaints in this case, falls squarely within the plain language of the MCALA's definition of a collection agency and, accordingly, eWrit was required to be licensed.  *See* BR § 7-301(a).

We find further support for our interpretation that eWrit's FTPR actions constitute debt collection activity pursuant to the MCALA by examining the MCALA's specifically delineated exemptions for licensure.  Notably, the MCALA provides a list of entities to which its licensure requirements do not apply, and entities such as eWrit that are engaged in the business of recovering unpaid rents for landlords are not among them.  *See* BR § 7-102(b).[12]

The MCALA does, however, exempt a specific type of entity seeking to recover the collection of rent for another: licensed real estate brokers or their agents.  BR § 7-102(b)(5) states that the MCALA's licensing requirements do not apply to "a licensed real estate

---

[11] In her complaint, Ms. Williams claimed that eWrit obtained "judgments" against her, that "for each FTPR, the District Court entered judgment in the amount that eWrit had originally sought[,]" and that eWrit performed debt collection activity by "filing lawsuits and obtaining judgments[.]"  Thus, Ms. Williams's complaint specifically alleged that eWrit sought monetary judgments against her.  We must presume the truth of these well-pleaded facts.  *Higginbotham*, 171 Md. App. at 264 (quoting *Britton v. Meier*, 148 Md. App. at 425).

[12] Pursuant to BR § 7-102(b), the MCALA does not apply to: banks; federal or State credit unions; mortgage lenders; "a person acting under an order of a court of competent jurisdiction"; "a licensed real estate broker, or an individual acting on behalf of the real estate broker, in the collection of rent or allied charges for property"; savings and loan associations; "a title company as to its escrow business"; trust companies; lawyers collecting debts for clients in certain circumstances; and a person collecting debts for another in certain circumstances not applicable here.

11

broker, or an individual acting on behalf of the real estate broker, in the collection of rent or allied charges for property[.]" We find this exemption to be particularly illuminating. By only exempting real estate brokers and their agents from licensure requirements in the context of collecting rent for others, the MCALA implicitly asserts that *all other individuals or entities* that seek to collect rent for others *are* in fact performing debt collection activity. We therefore conclude that the plain language of the MCALA makes clear that eWrit's FTPR actions constitute debt collection activity.[13]

Although we hold that the plain language of the MCALA is not ambiguous, as we noted above, it is often useful to review the legislative history of a statute to confirm our statutory interpretation. *Blackstone*, 461 Md. at 113. Our review of the legislative history of the MCALA vindicates our plain reading, and confirms that entities such as eWrit that file FTPR actions on behalf of others are performing debt collection activity. We explain.

---

[13] In its brief, eWrit argues that *Blackstone* supports the notion that it is not a collection agency. Our careful review of *Blackstone*, however, persuades us that it is distinguishable from the instant case. *Blackstone* involved whether a foreign statutory trust constitutes a debt collection agency in light of a 2007 amendment to the MCALA. 461 Md. at 93, 115. Relevant there, the *Blackstone* Court focused on the role of foreign statutory trusts in the context of the mortgage industry, and noted that the MCALA does not apply to many actors in that industry. *Id*. at 115-16. Ultimately, the Court concluded that the MCALA (and particularly the 2007 amendment) was not intended to license mortgage industry actors, and that statutory enactments to foreclosure law subsequent to the 2007 amendment to the MCALA vindicated this interpretation. *Id*. at 146-47. Indeed, the Court stated: "Our holding today in no way undermines the consumer protections found in any of these statutes, including MCALA. Instead, this Court clarifies that foreign statutory trusts, acting as special purpose vehicles in the mortgage industry, were outside of the purview of the collection agency industry that the General Assembly intended to license when it enacted MCALA and passed the 2007 departmental bill." *Id*. at 95 n.3. The instant case has no connection to the mortgage industry or foreign statutory trusts. Accordingly, *Blackstone* is inapposite.

12

On January 28, 1980, the Maryland Attorney General's Office issued an opinion at the request of the Maryland Collection Agency Licensing Board in which the Attorney General asserted that *all* entities that collect rent for others perform debt collection activity:

> all rent collectors must be licensed as collection agencies if: (1) they are engaged in the business of collecting or attempting to collect for others rents owed or claimed to be owed to those others by Maryland residents for leasehold interests acquired for personal, family, or household purposes[;] and (2) they do not fall within one of the specific exclusions contained in the law.

65 Md. Op. Att'y Gen. 316 (1980). We note the breadth of the Attorney General's position—any party collecting rent for another is a debt collection agency.

Approximately two weeks after issuance of the Attorney General's Opinion, the Maryland Senate introduced 1980 Senate Bill 842, which sought to clarify what entities constitute collection agencies. Ultimately, the Bill created an exemption in the context of rent collection, stating that a debt collection agency does not include "any person licensed under the laws of this state as a real estate broker, associate broker, real estate salesman, or an employee of a real estate broker, with respect to the collection of rent and allied charges for property on behalf of the employing broker."[14]

---

[14] 1980 Senate Bill 842 also proposed adding as an exemption "any landlord or the managing agent or employee of the landlord with respect to the collection of rent and allied charges for residential housing." Although we could find no explanation for this language's exclusion from the bill in our legislative history research, we presume it would have been unnecessary to exclude landlords when the Attorney General's opinion made clear that landlords collecting their own rent are *not* debt collectors, but that all third-party rent collectors who collect rent owed to others *are* debt collectors. 65 Md. Op. Att'y Gen. at 317-18.

13

We find it notable that the Maryland Senate seemingly responded to the Attorney General's opinion when it proposed a bill two weeks after the opinion's issuance to clarify that real estate brokers and their agents that collect rents would not constitute debt collection agencies. It seems logical to infer that the Senate was aware of the Attorney General's position. *See Donlon v. Montgomery Cnty. Pub. Schs.*, 460 Md. 62, 95 (2018) ("We presume the Legislature is aware of the Attorney General's statutory interpretation and, in the absence of enacting a change to the statutory language subsequent to the issuance of such an opinion, to acquiesce in the Attorney General's construction." (citing *Read Drug & Chem. Co. v. Claypool*, 165 Md. 250, 257-58 (1933))). In light of the Attorney General's broad interpretation that rent collectors must be licensed as collection agencies, the General Assembly carved out a single exemption for real estate brokers and their agents who engage in the collection of rent. By failing to exempt any other rent collection entities in the bill, the General Assembly inferentially manifested its intent that all other rent collectors engage in debt collection activity.[15]

---

[15] The Court of Appeals has referred to this form of statutory construction as the maxim "*expressio unius est exclusio alterius*" or "to express or include one thing implies the exclusion of the other, or of the alternative." *Md. Ins. Comm'r v. Cent. Acceptance Corp.*, 424 Md. 1, 32 (2011) (quoting *Breslin v. Powell*, 421 Md. 266, 286 (2011)). We acknowledge the Court's caution "against the too easy use of this statutory construction tool to override the clear intent of the Legislature[.]" *Id*. We note, however, that this construction comports with our interpretation of the plain language of the statute. The General Assembly created a single exemption (for real estate brokers); therefore all other parties that collect rents due to others are debt collectors.

14

Here, the landlord's managing agent, Morgan Properties, apparently hired eWrit to file FTPR actions against Ms. Williams. As such, eWrit was engaged in the business of collecting rents owed to others (landlords) arising out of personal or household leases executed by Maryland resident tenants. Accordingly, the legislative history materials confirm our plain reading of the MCALA—that eWrit is a "collection agency," and was therefore required to be licensed.

II. THE COURTS AND JUDICIAL PROCEEDINGS ARTICLE HAS NO IMPACT ON LICENSING REQUIREMENTS

Despite the plain language of the MCALA and its legislative history, eWrit argues that Md. Code (1973, 2020 Repl. Vol.), § 5-1201 et seq. of the Courts and Judicial Proceedings Article ("CJP") clarify that filing FTPR actions on behalf of others does not constitute debt collection activity. As we shall explain, we construe CJP § 5-1201 et seq. as making no substantive changes to Maryland's debt collection licensure requirements.

In 2016, the General Assembly enacted CJP § 5-1201 et seq.[16] These statutes were enacted to govern the procedures by which a debt collector may file a claim against a consumer. CJP § 5-1202(a), for example, affirmatively imposes a burden on a creditor or debt collector that it "may not initiate a consumer debt collection action after the expiration of the statute of limitations." Additionally, CJP § 5-1203 imposes substantial evidentiary

---

[16] Aside from an amendment to CJP § 5-1202 in 2018 not relevant here, CJP § 5-1201 et seq. have remained unchanged since 2016.

15

hurdles on any party seeking a judgment in a debt collection action.[17] To obtain a judgment, the statute requires the party to introduce into evidence numerous documents which prove: the existence of the debt, the debt's terms and conditions, the debt buyer/collector's ownership of the debt, the identification and nature of the debt, and several other forms of identification meant to protect consumers from unverified or expired debt collection claims. The limitations and evidentiary provisions in the statute are clearly intended to provide additional protections for Maryland consumers.

Despite the fact that CJP § 5-1201 et seq. were enacted to protect Maryland consumers, eWrit seizes on the definitional language of CJP § 5-1201 to argue that the statute manifests the General Assembly's intent that the filing of FTPR actions pursuant to RP § 8-401 does not constitute debt collection activity, and therefore entities such as eWrit who file FTPR actions on behalf of others are not subject to the licensure requirements of the MCALA. We disagree with the significance eWrit places upon CJP § 5-1201 et seq. within the scheme of Maryland statutes designed to protect consumers from the abusive practices of debt collection agencies.

Relevant to eWrit's argument, CJP § 5-1201, which provides the definitions for the terms contained in the subtitle, defines a "consumer debt collection action" as follows:

> (f)(1) "Consumer debt collection action" means any judicial action or arbitration proceeding in which a claim is asserted to collect a consumer debt.

---

[17] The evidentiary requirements set forth in CJP § 5-1203 do not apply in "judgment on affidavit" cases.

16

(2) "Consumer debt collection action" *does not include an action brought under § 8-401 of the Real Property Article by a landlord or an attorney, a property manager, or an agent on behalf of a landlord.*

(Emphasis added). Additionally, CJP § 5-1201(i)(2)(vii) provides that a

"Debt buyer" *does not include*: . . . (vii) An attorney, a licensed debt collection agency, a property manager, *or any other person that collects or attempts to collect consumer debt in an action under § 8-401 of the Real Property Article on behalf of an original creditor that is a residential rental property owner.*

(Emphasis added).

eWrit places great emphasis on the fact that RP § 8-401 actions do not constitute consumer debt collection actions under CJP § 5-1201(f)(2), but we are not persuaded that CJP § 5-1201 alters the MCALA's licensure requirements. First, the plain language of CJP § 5-1201(a) makes clear that the definitions are limited in scope; the statute begins "(a) *In this subtitle* the following words have the meanings indicated." (Emphasis added). Thus, the statute itself confines the extent to which its definitions apply—only to the subtitle itself and not to the other statutes such as the MCALA. Also noteworthy is the fact that CJP § 5-1204 states, "This subtitle may not be construed to alter any licensing requirement under federal or Maryland law applicable to debt buyers or collectors." This language speaks for itself—the subtitle should not be viewed as changing licensing requirements, including those found in the MCALA. The plain language of CJP § 5-1201 et seq. therefore demonstrates the General Assembly's intent that the subtitle was not intended to modify Maryland licensure requirements.

17

The legislative history of CJP § 5-1201 et seq. further bolsters our view that this legislation was not meant to address licensure requirements. According to the Floor Report, 2016 Senate Bill 771—which would ultimately be codified as CJP § 5-1201 et seq. and was sponsored by the Attorney General's Office—was designed to "establish[] *procedural requirements* for consumer debt collection actions." Senate Judicial Proceedings Committee, Floor Report, Senate Bill 771 (2016) (emphasis added). Although the Floor Report goes on to state that the filing of an FTPR action is "not considered a consumer debt collection action under the bill[,]" the thrust of the bill was clearly to provide additional protections for Maryland consumers. *Id.* The Floor Report explains that the bill "prohibits a creditor or a collector from initiating a consumer debt collection action after the expiration of the statute of limitations applicable to the consumer debt collection action[,]" and that a debt buyer or collector may not initiate a consumer debt collection action unless that party possesses all of the documents required by CJP § 5-1203(b)(3) to obtain a judgment, including proof of the existence of the debt, proof of the terms and conditions of the debt, and proof of ownership of the debt. The Floor Report therefore suggests that the bill was simply designed to introduce procedural protections for Maryland consumers who are sued by debt collectors.

The Fiscal and Policy Note for Senate Bill 771 vindicates this interpretation. It states that, "This bill establishes several *procedural requirements* for 'consumer debt collection actions.' *The bill's provisions may not be construed to alter any licensing requirement under federal or Maryland law applicable to debt buyers or collectors.*" Fiscal and Policy Note, Senate Bill 771 (2016) (emphasis added). Thus, the purpose of the

18

bill was to implement new procedures for non-FTPR debt collection actions, *not* to address

Maryland licensure requirements. Furthermore, a March 3, 2016 letter from the Attorney

General states that the bill was designed to "extend[] protections to Maryland consumers

facing collection actions for debts they may not owe." The March 3, 2016 letter states,

> SB 771 would prevent collection activities from taking place after the statute of limitations on[ce] the debt has expired. And it would also ensure that any payments made by consumers after the expiration deadline do not reset the clock on collection activity.
>
> Importantly, SB 771 codifies court rules that require full and appropriate documentation be placed into evidence in court before a judgment against a consumer can be issued. These documents must include: a certified copy of proof of the debt; a document signed by the debtor showing the evidence of the debt; a listing of all prior owners of the debt; records of the last payment on the debt and proof that the debtor is the actual verified recipient of the credit.
>
> This documentation will prevent improper judgments against consumers.

This letter indicates that the Attorney General's Office intended to create procedural

protections for Maryland consumers in debt collection actions. That entities filing FTPR

actions were specifically exempted from these new procedural requirements should not be

construed as meaning that CJP § 5-1201 exempts such entities from the licensure

requirements in the MCALA. Rather, we construe the exclusionary language in CJP § 5-

1201 as simply exempting rent collectors who file FTPR actions from the new procedural

requirements codified in CJP § 5-1201 et seq. In other words, entities filing FTPR actions

on behalf of others are not constrained by the statute of limitations provision in CJP § 5-

1202, nor are they required to introduce into evidence the numerous documents necessary

19

to secure a debt collection judgment pursuant to CJP § 5-1203.[18]  But these entities must still be licensed as debt collectors because CJP § 5-1204 expressly provides that nothing in the subtitle should be construed as modifying Maryland's licensure requirements.

This interpretation is consistent with the thrust of the Attorney General's actions dating back to 1980.  In 1980, the Attorney General specifically determined that entities such as eWrit that file actions for others based on delinquent rent are performing debt collection activity and must be licensed.  Indeed, it would seem contradictory for the Attorney General's Office to propose a bill in 2016 that was specifically designed to provide additional protections for consumers, but would effectively vitiate its longstanding interpretation that entities such as eWrit that collect rent for others are required to be licensed.  Accordingly, we reject eWrit's argument that CJP § 5-1201 et seq. exempt eWrit from the MCALA's licensure requirements.

## CONCLUSION

All of the counts in Ms. Williams's complaint rely on the notion that eWrit

---

[18] Although not expressly stated in the legislative history, there is good reason to exempt FTPR actions from the procedural requirements of CJP §§ 5-1202 and 5-1203. First, FTPR actions are designed to allow landlords to obtain prompt relief when a tenant fails to pay rent and, as such, it is unlikely that the statute of limitations would be implicated.  Second, as the most frequently filed action in the District Court of Maryland, the General Assembly may have viewed the strict evidentiary requirements of CJP § 5-1203 as unduly burdensome, thereby slowing down a process that is intended to be expedited.  *See* Maryland Judiciary Statistical Abstract 2019, https://mdcourts.gov/sites /default /files /import/publications /annualreport /reports/2019/fy2019statisticalabstract.pdf (669,778 landlord-tenant actions filed, or 40.8% of all District Court cases filed); Maryland Judiciary Statistical Abstract 2018, https://mdcourts.gov/sites/default/files/import /publications/annualreport/reports/2018/fy2018statisticalabstract.pdf (653,505 landlord-tenant actions filed, or 39.2% of all District Court cases filed).

conducted debt collection activity by filing FTPR actions under RP § 8-401 without the requisite debt collection license required by the MCALA. Because we conclude that eWrit's actions did indeed constitute debt collection activity, eWrit was required to possess a debt collection license, and the circuit court erred in dismissing the complaint. Accordingly, we reverse.

> **JUDGMENT OF THE CIRCUIT COURT FOR ANNE ARUNDEL COUNTY REVERSED. CASE REMANDED TO THAT COURT FOR FURTHER PROCEEDINGS. COSTS TO BE PAID BY APPELLEE.**